## CALOCA *v.* VILASECA ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 124.—Resuelto en abril 11, 1904.

DEPOSITARIOS JUDICIALES.—Los depositarios tienen la posesión legal, judicial y real de los bienes embargados y entregados a su salvaguardia y custodia y están obligados a cumplir los deberes que las leyes les imponen, procediendo en su defecto, obligarles a ello por medio del recurso legal adecuado.

**230**

INJUNCTION—ACTOS TENDENTES A VIOLAR DERECHOS DE PROPIEDAD.—El cortar leñas y llevárselas o venderlas, así como destruir las cercas, en una finca depositada judicialmente, y objeto de una tercería de dominio, son actos que constituyen una violación de los derechos de propiedad que pueda tener el tercerista con respecto a dicha finca, y es, por consiguiente, procedente, impedir su continuación por virtud de un mandamiento de *injunction*.

TÍTULOS NO INSCRITOS—TERCEROS—DERECHO DE CARÁCTER REAL O PERSONAL.— Las prohibiciones contenidas en el artículo 389 de la Ley Hipotecaria, de no admisión por los tribunales, de títulos no inscritos, en perjuicio de terceros, se refieren a los que tengan este carácter, a los efectos de dicha ley, o sea, a los que puedan invocar un derecho real inscrito a su favor, y no, simplemente, un derecho personal.

JUICIO EJECUTIVO—TERCERÍAS DE DOMINIO.—Las resoluciones dictadas en un juicio ejecutivo, de que sea incidente una tercería de dominio, no pueden ser invocadas en ésta, para impedir que se aseguren los derechos reclamados por el tercerista, que se fundan precisamente en ser de su propiedad, y no del ejecutado, los bienes objeto del ejecutivo.

ID.—DERECHOS DEL TERCERISTA—INJUNCTION—FIANZA.—Es perfectamente lógico y legal que mientras se resuelva una tercería de dominio, se pongan a salvo los derechos que pueda tener el tercerista, impidiendo por medio de un *injunction*, la ejecución de actos tendentes a menoscabarlos, siempre que otorgue fianza para responder del detrimento que pudieran sufrir los intereses de las otras partes.

INJUNCTION.—El *injunction* es un remedio tendente a evitar que por una persona se haga determinada cosa que infrinja o perjudique el derecho de otra.(*)

ID.—FIANZA.—En los casos de *injunction*, la cuantía de la fianza debe ser suficientemente amplia para indemnizar los daños y perjuicios que puedan ocasionarse a la parte contra la que se dicta el *injunction*, y al tribunal inferior compete apreciar tales perjuicios y fijar la cuantía que sea suficiente para prevenirlos.

### EXPOSICIÓN DEL CASO.

*Vistos: Resultando* que en 10 de agosto de 1903 el Letrado Don Jacinto Texidor, a nombre de Don Juan Ignacio Caloca, presentó a la Corte de Distrito de San Juan una demanda de *injunction* por actos que en su daño se practicaban en una finca de su propiedad, y después de algunos trámites previos, se dictó por el Juez Asociado Don Frank H. Richmond el auto que copiado a la letra dice así:

"San Juan, Puerto Rico, agosto 20, 1903.

"*Resultando:* que en juicio ejecutivo seguido por Don José L. Vilaseca contra Doña Justa García, viuda de Rivera, se trabó embargo

contra terrenos situados en el barrio de Sabana Llana del pueblo de Río Piedras, compuesto de 50 cuerdas más o menos, equivalentes a 19 hectáres, 65 áreas, 30 centiáreas, de terrenos de segunda clase, llano y quebrado a pastos naturales, montes y malezas, con algunos frutos menores, bajo las colindancias siguientes: al Norte Don José Dolores López; al Este Sucesión Cervera, Pablo Figueroa y Celestino Frida; al Oeste Sucesión Caloca, y al Sur, la misma Sucesión Caloca; sirviendo de punto de partida un árbol de roble que tiene unas marcas antiguas de machete, el cual se halla en la loma del cerro 'Cabra' a la orilla derecha del antiguo camino de Trujillo Alto, mirando al Poniente en el sitio nombrado de la 'Almagra' y a cuyo lado se encuentra un tocón de algarrobo que actualmente tiene renuevos; terminando esta colindancia en rumbo al Noroeste en el puente que cubre la quebrada Estefanía y habiendo recaído el nombramiento de depositario judicial del predio embargado en Don Gavino Mercado.

"*Resultando:* que establecida y admitida una demanda de tercería en nombre de Don Juan Ignacio Caloca y Cueto, con respecto a 30 cuerdas más o menos, comprendidas desde el puente de la quebrada Estefanía siguiendo el caño y de aquí al árbol de 'Pollo,' y de aquí a la cerca de alambre y a una palma, y de ahí en línea recta a un árbol (*) de granadillo, que hacen el límite de la finca de Doña Justa García con la de Caloca, como se alegó en la demanda de tercería.

"*Resultando:* que este tribunal dictó providencia, suspendiendo el curso del ejecutivo al llegar a la vía de apremio, cuya providencia tiene fecha de 4 de agosto corriente, de la cual se notificó la ejecutada y el depositario judicial el 5 de dicho mes de agosto y el ejecutante Don José L. Vilaseca, el 10 siguiente.

"*Resultando:* que el día 10 de agosto referido, la representación del tercerista, presentó al tribunal una solicitud, alegando que el depositario había realizado las operaciones de corte de leña, y otras como romper las cercas de alambres que tuvo puestas el Sr. Caloca, y sacando también ganado de Caloca que pastaba en ese pedazo de terreno y enviándolo al depósito municipal y solicitando un auto de *injunction* prohibiendo a las partes precitadas, penetrar en la parte de la finca de que se ha hecho mérito, o cortar leña o hierba o poner a pastar animales o romper las cercas de alambres o ejercitar acto alguno análogo, hasta que se resuelva esta tercería de dominio.

"*Resultando:* que prestada la fianza de $100 fijada por el juez que provee, con arreglo al artículo 7 de la Ley de *Injunction,* por los fiadores Don Benito Rivera Mojica y Don Deogracia Viera y Rodríguez,

fianza que fué aceptada como suficiente por el mismo juez, recayendo con fecha 13 de dicho agosto, providencia de interdicto, citando de comparecencia a Doña Justa García, Don José L. Vilaseca y el depositario Don Gavino Mercado, la cual tuvo efecto el 17 de dicho mes.

"*Resultando:* que a dicho acto concurrió el Letrado Don Jacinto Texidor en representación del tercerista y el Letrado Don Juan Ramón Ramos en nombre de Don José L. Vilaseca y del depositario Don Gavino Mercado, los cuales también comparecieron personalmente.

"*Resultando:* que en el referido acto, el Letrado Ramos no insistió en que la parte contraria ratificara bajo juramento las alegaciones hechas, renunciando a tal juramento y confesando en el acto mismo que el depositario judicial había cortado dos carros de leña y rotó la cerca de alambre como en derecho le perteneció, terminando con pedir se declarara sin lugar el *injunction,* con las costas a la parte contraria(*) ; y la parte promovente ofreció ratificar su pretensión bajo juramento, lo que el juez no creyó necesario, en vista de lo confesado por la otra parte.

"*Considerando:* que el depositario judicial, tiene ahora la posesión legal judicial y actual de todo el terreno embargado.

"*Considerando:* que el efecto legal de la interposición y admisión de la demanda de tercería de dominio, es la suspensión del procedimiento de apremio en el juicio ejecutivo, respecto de los bienes a que se refiere la tercería, hasta la decisión de aquélla y cuando el depositario verifica cualquier acto más que no sea el de la salvaguardia de la finca con ello no hace otra cosa que continuar y seguir en el procedimiento de apremio, en vez de suspenderlo.

"*Considerando:* que el cortar leñas, llevárselas o venderlas y romper la cerca de alambre durante el litigio, consta por confesión, como acto específico que se hace y se amenaza y se va a hacer y que tales actos violan el derecho de propiedad que pueda tener el tercerista con respecto al terreno de que se trata en la tercería y tienen el efecto de hacer por tanto inútil cualquier sentencia firme que pueda recaer en su favor y no así el acto de sacar ganado de Caloca que estuviera pastando en ese pedazo de terreno y enviándolo al depósito municipal, y no resultando justificado que el ejecutante o el depositario judicial tuviera animales pastando, no es de proveer con respecto a esto.

"*Considerando:* que todo depositario judicial está obligado a cumplir con la ley y cuando él no la cumpliera e infrinja derechos de tercero, procede contra él un recurso legal dado por la ley a cualquiera parte perjudicada.

"Visto el artículo 1533 de la Ley de Enjuiciamiento Civil y la Ley de *Injunction,* artículos 2, 3, 4, 5 y 8, se le ordena y prohibe que mientras no se resuelva esta tercería de dominio, ni Doña Justa García, viuda de Rivera, ni Don José L. Vilaseca, ni Don Gavino Mercado, depositario judicial nombrado en el juicio ejecutivo seguido por el uno contra la otra, ni algún agente o apoderado de ellos, corten leña, la vendan o se la lleven o rompa la cerca de alambre o mantenga la cerca en estado roto o ejercite acto alguno análogo, en el terreno descrito en el segundo Resultando de este auto de *injunction,* como el de poner a pastar animales, y ratifíquese la fianza ya prestada, la cual se declara vigente hasta ulterior providencia del tribunal.   Y así lo (\*) mandó y firmó el juez instructor en ejercicio de la facultad conferida por el artículo 2 de la Ley de *Injunction;* certifico.   Frank H. Richmond, Luis Méndez Vaz."

*Resultando:* que el Letrado Don Juan R. Ramos, a nombre de Don José L. Vilaseca y del administrador Don Gavino Mercado, solicitó por las razones que alegó en su escrito de 29 de agosto del año anterior, que esa resolución se revisase y sancionase por el Tribunal de Distrito en pleno, cuya solicitud fué impugnada por el Letrado de Don Juan Ignacio Caloca a quien se le dió traslado.

*Resultando:* que el tribunal de distrito en pleno dictó el auto que copiado literalmente dice así:

"San Juan de Puerto Rico. octubre 1°., de 1903.
"*Resultando:* que el abogado Don Juan R. Ramos, a nombre de Don José L. Vilaseca y de Don Gavino Mercado, ejecutante el primero y depositario el segundo de la finca embargada a la ejecutada Doña Justa García, solicitó en escrito presentado en 31 de agosto, reforma del auto del juez asociado de este tribunal, Mr. Frank H. Richmond, de agosto 20, que decretó un interdicto prohibitorio, *injunction,* contra Doña Justa García, Don Gavino Mercado y Don José L. Vilaseca, para que se abstuvieran hasta la resolución de la tercería de dominio de parte del terreno embargado promovido por Don Juan Ignacio Caloca y Cueto, de cortar leña en dicho terreno objeto de la tercería; romper la cerca del mismo, pastar animales en ella o realizar actos análogos, fundando su petición en que los interdictos prohibitorios no se dan a favor del demandado; en que tampoco se dan contra resolu-

ciones judiciales, por tanto no puede prohibirse a Mercado que ejercite las facultades de depositario-administrador de la finca embargada que le confirió el tribunal; en que se confunde en dicho auto el procedimiento de apremio con los actos de administración del depositario-administrador, en que no ha probado que la extracción de leñas, y rotura de una cerca de alambre se hayan verificado precisamente en la parte de la finca a que se contrae la tercería, en que el auto del interdicto viola los derechos dominicales de la ejecutada, Doña Justa García; en que ésta puede vender la finca, no (*) obligando el *injunction* al comprador; en que versando la tercería sobre una parte de la finca, se ha suspendido el procedimiento de apremio en cuanto a toda la finca, y en que la tercería se ha fundado en un título no inscrito.

"*Resultando:* que conferido traslado del recurso de reforma al tercerista peticionario del *injunction,* lo evacuó sosteniendo la procedencia del auto recurrido.

"*Resultando:* que el demandado en el acto de la vista de este *injunction* manifestó su conformidad con los hechos alegados por el tercerista en su petición, en la cual se alude al corte de leñas y rotura de la cerca de alambre, no en la totalidad de la finca embargada por Vilaseca a la García sino en la parte cuya propiedad invoca Caloca.

"*Resultando:* que por inhibición del juez suplente Sr. Acuña, el tribunal no pudo constituirse con tres jueces hasta el día 28 del corriente en que el Juez Sr. García Veve formó Sala.

"*Considerando:* que las razones aducidas por el recurrente respecto a la suspensión del procedimiento de apremio y defectos de título, aparte de no tener oportunidad como fundamento de un recurso de reforma, no son de tenerse en cuenta, por referirse la prohibición del artículo 389 de la Ley Hipotecaria, de no admisión por los tribunales de títulos no inscritos en perjuicio de tercero a los que realmente tengan este carácter a los efectos de dicha ley, esto es, a los que puedan invocar a su favor un derecho real inscrito, y no a los que solamente pueden ostentar un derecho puramente personal; y por deber suspenderse el procedimiento de apremio, interpuesta y admitida que sea una tercería de dominio del todo o parte de la finca embargada.

"*Considerando:* que las resoluciones dictadas en el juicio ejecutivo de que es incidencia la tercería, parten del supuesto de que la propiedad de los bienes embargados pertenece a la ejecutada Sra. García, por lo que las resoluciones allí dictadas no pueden invocarse para impedir que se aseguren los derechos invocados por el tercerista,

que se fundan en el supuesto diametralmente opuesto de ser de su propiedad una parte de los bienes embargados.

"*Considerando:* que mientras la oposición entre los derechos invocados por el ejecutante y ejecutada de una parte, y el tercerista de (*) otra, se resuelva por el tribunal, oídas las pruebas y alegaciones de las partes, en cuanto al fondo de la cuestión, es perfectamente lógico y legal que se pongan a salvo los derechos que pueda tener el tercerista impidiendo que se menoscabe el derecho de propiedad por él invocado, toda vez que para responder del detrimento que pudieran sufrir los intereses de las otras partes. tiene prestada una fianza suficiente.

"*Considerando:* que el tercerista es un demandante y el juicio de tercería una acción pendiente, durante cuyo curso puede decretarse un *injunction* para evitar que por cualquiera persona de realicen actos en menoscabo del derecho del actor.

"*Considerando:* que es improcedente la alegación de no haberse probado el corte de leña y rotura de la cerca en la porción de terreno objeto de la tercería, por lo consignado en el Resultando. 3°.

"*Vista* la ley autorizando *injunction;* No há lugar a reformar el auto recurrido, con las costas al recurrente. Lo proveyó, mandó y firma el tribunal: certifico: Frank H. Richmond, José Tous Soto, Angel García. Ante mí: Luis Méndez Vaz."

*Resultando:* que el referido Letrado Don Juan R. Ramos, en representación de Don José L. Vilaseca, apeló de los anteriores provistos y admitido el recurso, previa citación y emplazamiento, se elevaron los autos a esta Superioridad en donde se personó aquél en la representación con que apeló, el Lcdo. Texidor a nombre de Don Juan Ignacio Caloca y el abogado Don José C. Ramos a nombre de Doña Justa García, quienes evacuaron el trámite de instrucción que se les confirió e informaron en el día de la vista alegando cada uno las razones que creyó convenientes a su derecho, manifestando el Letrado Don Juan R. Ramos, en la representación que ostenta, que si se confirmaba el *injunction,* se aumentase la fianza prestada por la parte contraria, solicitud que concuerda con la manifestación "de ser aquella pequeña" hecha por él en la comparecencia verbal que tuvo lugar el 17 de agosto

del año anterior, y que consta al folio 16 y siguientes de los autos.(*)

Abogado del apelante: *Sr. Juan R. Ramos.*

Abogados de los apelados: *Sres. Texidor* y *José C. Ramos.*

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho del auto del 1º. de octubre del año anterior y sustancialmente los de hecho y el primero, tercero y cuarto de los de derecho del auto concordante de 20 de Agosto del citado año, y

*Considerando:* que siendo el *injunction* o interdicto prohibitorio un remedio para evitar que se haga determinada cosa que infrinja o perjudique el derecho de una persona, es indudable que es procedente el interpuesto, que tiene a su favor la brevedad en el procedimiento por el carácter sumarísimo que le es peculiar.

*Considerando:* que si no puede desconocerse su procedencia en el presente caso, debe tenerse también en cuenta que tanto Doña Justa García como Don Juan Ignacio Caloca discuten judicialmente, por medio de una tercería, la propiedad de parte de la finca embargada, y esto hace pensar en la posibilidad de que se declare el derecho en favor de la primera, y entonces puede ser insuficiente la fianza de 100 pesos para indemnizar los perjuicios que con la prohibición se le haya causado, cuyo peligro prevee la ley de *Injunction* en su sección 12ª. y es el tribunal ante el que se presente la pretensión y probanza quien puede apreciar si existe daño futuro y la cuantía en que debe prevenirse.

*Considerando* lo dispuesto en la regla 63 de la Orden General No. 118, serie de 1899.

*Se confirman* los autos apelados y por consiguiente se declara con lugar el *injunction* que estableció Don Juan Ignacio Caloca y se reserva a Doña Justa García, Vda. de Rivera, el derecho que le otorga la sección 12ª. de la Ley de *Injunction;* sin especial condena de costas.(*)

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y MacLeary.

Juez disidente: Sr. Sulzbacher.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. SULZBACHER.

No puedo estar de acuerdo con la mayoría del tribunal, porque la ley concede al demandante un recurso ordinario. Además de esto, aunque en su solicitud alega que los daños son irreparables, no dice en qué sentido lo serán. La corte de distrito exigió una fianza de $100, y la moción que el demandado hizo para que se aumentara dicha fianza no fué concedida; de aquí se deduce que la corte de distrito estimaba que todos los perjuicios que pudieran resultar al demandante ascenderían a esa suma; y las alegaciones no dicen absolutamente nada con respecto a la insolvencia del demandado.