CARMELO SIERRA, demandante y apelante, *v.* JOSÉ PILAR SANTIAGO y FELIPE SANTIAGO, demandados y apelados.

No. 6312.—*Sometido:* Junio 19, 1934. *Resuelto:* Junio 17, 1935.

*V. Polanco de Jesús*, abogado del apelante; *A. Rivera Colón*, abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Éste es un pleito de daños y perjuicios instituído en la Corte Municipal de Ciales. En un pleito anterior ante la misma corte, las personas que constituían la sucesión de Manuel Maldonado promovieron un pleito contra el aquí apelante, Carmelo Sierra, en cobro de cierta cantidad de dinero. Dichas personas obtuvieron un embargo para asegurar la efectividad de la sentencia, en el cual los fiadores eran José Pilar Santiago y Felipe Santiago, los aquí apelados. A tenor de dicho auto se embargó una finca compuesta de 7.80 cuerdas. En la demanda que tenemos a la vista se alegó que los demandantes en el pleito anterior prosiguieron el mismo tesoneramente y que la Corte Municipal de Ciales lo declaró sin lugar. La cuestión principal envuelta en este recurso es que dicho litigio causó al aquí demandante daños

y perjuicios ascendentes a la suma de $400, que los referidos fiadores han dejado de satisfacerle. La corte de distrito declaró sin lugar la demanda.

La primera partida de daños y perjuicios alegada era que el referido pleito anterior impidió que el apelante vendiera los bienes embargados, teniendo éste una oferta ventajosa sobre los mismos.

La corte de distrito no quedó convencida por la prueba de que el demandante recibió una oferta definitiva sobre los aludidos bienes y expuso sus razones para ello, y el apelante no nos convence de que ella estuviera equivocada. Convenimos de un todo en que prueba de un embargo, que puede ser fácilmente levantado, no sería tal obstáculo que impediría a una persona comprar una finca deseable, especialmente cuando la cantidad que ha de pagarse es relativamente pequeña. El apelante copia extensamente de la exposición del caso para demostrar una apreciación errónea de la prueba, pero en tanto en cuanto un supuesto conflicto tenga peso en este caso, no podemos hallar que la corte inferior estuviese equivocada. Aún si el razonamiento de la corte al calcular las posibilidades de la propiedad como una lechería no era correcto, ello no importaría mucho. Creemos igualmente que la reclamación es remota y que no es una causa próxima. *Lowande* v. *Otero & Co.*, 15 D.P.R. 194.

El otro elemento de daños y perjuicios alegados son las costas incurridas por el apelante con motivo del litigio anterior. En el mismo la parte demandante y apelante obtuvo sentencia por las costas. Dejó de reclamarlas dentro de tal pleito. En el presente recurso trata de recobrar las costas y los honorarios de abogado en que se le obligó a incurrir por virtud de la iniciación del otro pleito. El apelante admite que las costas que hubiera podido haber obtenido por la sentencia no pueden ser recobradas, pero admitiendo también que no podían concedérsele honorarios de abogado en dicho pleito trata de recobrarlos en éste. Aunque puede haber excepciones, la regla general es que las cos-

tas o desembolsos, y especialmente los honorarios de abogado, incurridos en la defensa de un litigio no pueden ser recobrados como elementos de daños y perjuicios. *Day* v. *Woodworth,* 13 How. 362; *Flanders* v. *Tweed,* 15 Wall. 450; nota a *Winkler* v. *Roeder,* 8 A.S.R. 158; 17 C. J. 807. De igual modo, cuando un estatuto prescribe los casos y la forma en que en pleitos ordinarios tales honorarios pueden ser recobrados, ningún otro remedio puede ayudar a un demandante que tuvo que defenderse en otro pleito. Véanse algunos de los casos citados. Ésta es la regla en Puerto Rico. El artículo 327 del Código de Enjuiciamiento Civil, edición de 1933, lee como sigue:

"Las partes en acciones o procedimientos, incluyendo El Pueblo de Puerto Rico, tendrán derecho a las costas y desembolsos, sujeto a las reglas que más adelante se prescriben.

"En todos los casos en que se hayan concedido a una parte las costas en una acción o procedimiento en la corte de distrito, dicha parte, a discreción de la corte de distrito, tendrá derecho a recibir de la parte vencida, una cantidad que represente el valor de los servicios de su abogado o una parte de dicha cantidad; *Disponiéndose,* que nada de lo contenido en esta sección, se entenderá que concede honorarios de abogado para ser incluídos en las costas que se impusieren a un demandado que no hubiere radicado su comparecencia en una acción o procedimiento; *Y disponiéndose, además,* que los honorarios y costas serán concedidos a discreción del juez que tenga conocimiento de la acción o procedimiento, teniendo en cuenta también el grado de culpa de la parte, si la hubiere, contra quien se dictare sentencia."

Este artículo según fué originalmente aprobado en 1904 disponía:

"La cuantía y forma de pago de los honorarios de los abogados y consultores se deja al convenio expreso o tácito de las partes; pero las partes en pleitos o procedimientos tendrán derecho a las costas y a los desembolos, según más adelante se dispone."

El demandante abandonó su reclamación por las costas ante la corte municipal y quizá sea su mala suerte que en

un pleito por menos de $500 no se puedan conceder honorarios de abogado.

 Existe también otra duda. Los demandados en el presente recurso eran los fiadores en una fianza prestada para trabar un embargo. Es bastante remoto hacerles responder de honorarios de abogado o de cualquiera otra cosa que no sea el resultado directo de la iniciación del litigio o del embargo incidental.

No hallamos abuso de discreción en la intervención de la corte durante el curso del litigio, ni tampoco en la imposición de las costas.

*La sentencia apelada debe ser confirmada.*