GUILLERMO VÉLEZ SEGARRA, demandante y apelante, *v.* GENE-RAL MOTORS ACCEPTANCE CORPORATION y ARECIBO MOTORS, demandadas y apeladas.

Núm. 8316.—*Sometido:* Diciembre 2, 1941. *Resuelto:* Diciembre 10, 1941.

*E. Martínez Avilés,* abogado del apelante; *Emilio S. Belaval* y *Esteban Susoni,* abogados, respectivamente, de las apeladas.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

En julio de 1940 Guillermo Vélez Segarra radicó demanda en la Corte de Distrito de San Juan contra la corporación

General Motors Acceptance Corporation y la sociedad mercantil Arecibo Motors, en reclamación de $1,815 por daños y perjuicios.

La General Motors Acceptance Corporation alegó que existía una indebida acumulación de partes demandadas por las razones que expuso y que la demanda no aducía hechos suficientes para determinar una causa de acción, y la Arecibo Motors archivó una moción eliminatoria.

Incluído el pleito en el calendario, se celebró la vista de las excepciones y de la moción y el 26 de diciembre de 1940 la corte, al resolver la excepción previa de falta de hechos, concluyó que los alegados no eran suficientes para sostener la reclamación de determinadas partidas y los que pudieran serlo sólo servían de base a una reclamación por cantidad menor que la necesaria para que pudiera conocer originalmente del pleito, motivo por el cual se declaró sin jurisdicción para seguir actuando y dictó sentencia desestimando la demanda y condenando al actor al pago de las costas, incluyendo cincuenta dólares para honorarios de abogado.

El demandante apeló. Señala tres errores cometidos a su juicio por la corte de distrito al declarar con lugar la excepción y dictar sentencia sin darle una oportunidad de enmendar su demanda; al considerarlo temerario e imponerle el pago de honorarios de abogado, y al condenarlo al pago de costas y honorarios con respecto a la Arecibo Motors que se limitó a presentar una moción eliminatoria.

Examinemos el primer error. Debemos comenzar por exponer lo alegado en la demanda. La corte sentenciadora lo resume correctamente en su opinión, como sigue:

"La demanda alega, en síntesis, que el demandante y su esposa compraron a la demandada Arecibo Motors un automóvil, mediante contrato de venta condicional que posteriormente fué cedido a la otra demandada General Motors Acceptance Corporation; que estando vencidos y sin pagar dos plazos del precio de venta, la demandada General Motors Acceptance Corporation, sin mediar orden judicial, y contra la voluntad del demandante, se incautó

del automóvil y lo depositó con la Arecibo Motors; que posteriormente la Arecibo Motors demandó al demandante y su esposa en cobro del precio de venta, y por vía de aseguramiento de sentencia embargó ciertos bienes inmuebles que aparecían inscritos como propiedad de la esposa del demandante, así como embargó el automóvil objeto de la venta; que los inmuebles embargados no pertenecían a la esposa del demandante, hecho que el demandante notificó a la Arecibo Motors, sin que ésta procediera a levantar el embargo; que .los verdaderos dueños de las propiedades se quejaron al demandante de que éste no practicara las diligencias para levantar el embargo, por lo que el aquí demandante se vió obligado a transigir el caso con la demandada Arecibo Motors a fin de que se levantara el embargo.

"Concluye la demanda alegando que con motivo de los actos antes expuestos, que se dicen realizados de mala fe por ambas demandadas 'que han venido actuando juntas y de común acuerdo en estos procedimientos', el demandante ha sufrido los siguientes daños . y perjuicios:

"'Diferencia entre el valor del automóvil y la cantidad que del mismo se adeudaba a la fecha en que la primera de las demandadas se incautó del mismo___ $285. 00

"'Por ganancias dejadas de percibir por el demandante en el uso para el público a que se dedicaba su automóvil _____ 355. 00

"'Por gastos de viaje y pérdida de días de trabajo de este demandante motivados por la acción ilegal de las demandadas_____ 75. 00

"'Pagado por concepto de honorarios de abogado__ 100. 00

"'Por sufrimientos morales a que innecesariamente han sometido las demandadas al demandante y a su esposa, con motivo a los procedimientos ilegales y arbitrarios seguidos en su contra_____ 1, 000. 00

"'Total_____ $1, 815. 00.' "

Seguidamente se refiere a la excepción de falta de hechos y dice:

"Como se puede ver, el único acto torticero que imputa la demanda a las demandadas o a una de ellas, lo es el de que la demandada General Motors Acceptance Corporation se incautara del automóvil sin mediar orden judicial y en contra de la voluntad del

demandante. De la demanda no surge que en los procedimientos que siguió la Arecibo Motors se lesionara derecho alguno del demandante. Si los bienes inmuebles embargados por la Arecibo Motors aparecían inscritos a nombre de la esposa del demandante, estuvo justificada la Arecibo Motors en embargarlos, y el mero hecho de que el demandante dijera a la Arecibo Motors que los bienes no pertenecían a su esposa no obligó a la Arecibo Motors a levantar el embargo. El remedio de la esposa del demandante y de los verdaderos dueños de las propiedades embargadas, quienes por su negligencia o por cualquier otra razón, permitieron que los bienes aparecieran inscritos a nombre de la esposa del demandante, era acudir a la corte en el procedimiento adecuado para que se dejase sin efecto el embargo. De todos modos, si alguien se perjudicó por el embargo trabado, lo fueron los verdaderos dueños de las propiedades embargadas y no el demandante ni su esposa. El demandante sencillamente se vió obligado a satisfacer una obligación legítima. Los gastos y sufrimientos morales o de cualquier otra índole que pueda tener un deudor al pagar a su acreedor lo que legítimamente debe, no están sujetos a compensación. Tampoco lo están los sufrimientos morales que ocasionare el acto torticero que se le imputa a la General Motors Acceptance Corporation. Quizás lo estén los gastos en que incurriere el demandante en relación con el acto imputado a la General Motors Acceptance Corporation, pero de la demanda no aparece que hubiere gastos en relación con tal acto.

"Lo anteriormente expuesto dispone de las últimas tres partidas de daños y perjuicios montantes a $1,175, que reclama el demandante. Nos queda considerar las dos primeras partidas. La primera partida, o sea la diferencia entre el valor del automóvil y la cantidad que del mismo se adeudaba a la fecha en que la General Motors se incautó del mismo, montante a $285, es quizás recobrable a base de la teoría de 'conversión', o sea, la teoría de que quien se apodera torticeramente de propiedad perteneciente a otro, viene obligado a pagar el valor de la cosa tal y como si la hubiere comprado. La segunda partida es inconsistente con la primera, ya que reclama las ganancias dejadas de percibir por el demandante en el uso del automóvil. Si el demandante elige obligar a la General Motors, o a ambas demandadas, a pagarle el valor del automóvil, a base del acto torticero que se alega en la demanda, no tiene entonces derecho a reclamar el valor del uso del automóvil. El demandante podría tener derecho a que se le pagase el valor del automóvil, que

fija en $285, o el valor del uso del automóvil, que fija en $355, pero nunca ambas sumas. Véanse *Rodríguez* v. *Martínez, Jr.*, 55 D.P.R. 59 y *Colón* v. *Shell Co.*, 55 D.P.R. 592. Por consiguiente la demanda alega, a lo sumo, el derecho del demandante a percibir $355 por concepto de daños y perjuicios. Carece por lo tanto esta corte de jurisdicción para conocer de la demanda.''

Y, por último, expresa por qué no concedió permiso para enmendar y procedió a dictar sentencia, así:

''No tenemos motivo para suponer que al radicar su demanda el demandante optase por fijar a los daños que alega sufrió, un valor menor del verdadero, y por lo tanto consideramos que la demanda no es susceptible de enmiendas tales que confieran jurisdicción a esta corte, y que no procede conceder al demandante permiso para enmendar.''

Estamos conformes con la corte sentenciadora en que el único acto torticero que se imputa en la demanda es el de la incautación del automóvil sin orden judicial, y en que no surge de los hechos alegados derecho alguno a reclamar por el procedimiento seguido por la Arecibo Motors en el que se embargaron bienes inscritos a nombre de la esposa del demandante.

También lo estamos en que la reclamación de las ganancias dejadas de percibir ($355) es inconsistente con la de la diferencia entre el valor del automóvil y la cantidad que del mismo se adeudaba ($285), debiendo reclamarse unas u otra, y en que tomando la partida más alta ($355) y agregando a ella la de $75 por gastos de viaje, etc., aun así no se llegaría a la cuantía jurisdiccional.

Igualmente creemos que la partida reclamada por concepto de honorarios de abogado no procede, siendo inaplicable a este caso la jurisprudencia establecida por esta misma corte en el de *Díaz* v. *García*, 47 D.P.R. 474, que se cita, porque en ese caso se trataba de reclamar como daños y perjuicios lo pagado por el demandante por honorarios en sus gestiones como interventor en otro pleito en el que se efectuó un embargo, mientras que en éste, descartada la reclama-

ción de daños por virtud del embargo de bienes inscritos a nombre de la esposa del demandante y circunscrito el pleito al acto torticero de la incautación del automóvil por parte de la General Motors Acceptance Corporation, los honorarios que proceden son los satisfechos con motivo del propio pleito, y sabido es que esos honorarios no se reclaman como daños y perjuicios si que como tales de acuerdo con el resultado de la acción y no se toman en cuenta para fijar la cuantía jurisdiccional.

En lo que no estamos conformes con la corte sentenciadora es en que "no están sujetos a compensación . . . los sufrimientos morales que ocasionare el acto torticero que se le imputa a la General Motors Acceptance Corporation". Y esta falta de conformidad nos lleva a la conclusión de que la corte erró al no dar al demandante oportunidad para enmendar su demanda, ya que sin necesidad de alterar el valor de los daños fijados por él mismo, podría enmendar su alegación de modo tal que presentara un caso propio para ser resuelto originalmente por la corte de distrito.

Si se observa la forma en que está redactada la última partida de mil dólares, se verá que cubre todos los hechos alegados y por tanto el de la incautación del automóvil sin el debido procedimiento de ley.

Siendo ello así, aunque el pleito se reduzca como debe reducirse al alegado acto torticero de la incautación del automóvil, sin alterar la teoría de la demanda, puede ésta enmendarse limitando la reclamación de daños por sufrimientos morales a los que ocasionara, si es que algunos ocasionó, el indicado acto.

En cuanto a que la reclamación por daños y perjuicios por sufrimientos morales cabe en casos de esta naturaleza cuando concurren las circunstancias básicas necesarias para ello, quedó decidido por esta propia corte en el caso de *Mejías* v. *López,* 51 D.P.R. 21, 26, en los siguientes términos:

"El fundamento de la acción ejercitada consiste en el acto culpable que se atribuye a la parte demandada al penetrar a la fuerza

en el hogar de la demandante y realizar allí los actos que se le imputan que causaron a la demandante la inquietud, angustia moral y postración nerviosa valuadas por ella en tres mil dólares.''

'' *        *        *        *        *        *        *

''Si la demandante no cumplió el contrato que celebrara con la demandada, ésta tenía en la propia ley sobre ventas condicionales un remedio adecuado. La sección 40 de esa ley da al vendedor condicional el medio legal para recuperar la cosa vendida. Pero la falta de cumplimiento no la autorizaba a tomarse la justicia por su mano, a violar el hogar de la demandante que estaba obligada a respetar de acuerdo con la ley y a apoderarse de la cosa vendida en la forma violenta, ostensible y desconsiderada que se alega en la demanda, causando a la demandante con su actuación culpable el daño que se especifica.''

Habiendo llegado a las anteriores conclusiones, claro es que *debe revocarse la sentencia apelada, cayendo en su consecuencia por su base su pronunciamiento sobre costas y honorarios de abogado, y concederse al demandante diez días contados a partir de la remisión del mandato a la corte de distrito para enmendar su demanda.*