RAMÓN ERNESTO AVALO, demandante y apelado, v.
CÁNDIDO CACHO, demandado y apelante.

Núm. 10084.—*Sometido:* Febrero 1, 1950.  *Resuelto:* Marzo 29, 1950.

*Valentín Polanco de Jesús,* abogado del apelante; *E. Pérez Casalduc,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El demandante en este caso solicitó de la corte inferior dictara una orden de *injunction* contra el demandado prohibiéndole que cerrara un camino. En la demanda radicada el 27 de abril de 1949, se alegó únicamente lo siguiente:

"Que el demandante es dueño de la siguiente finca: (Se describe.)

"Que esta finca colinda por el lado Este con una finca del demandado.

"Que el demandante dedica esta finca al cultivo de caña de azúcar y crianza de ganado.

"Que hace más de 20 años esta finca tiene un camino que atraviesa la finca del demandado, pero dicho camino ha sido siempre considerado como un camino público, y el demandado en el día de ayer cerró dicho camino y ha privado al demandante del uso y disfrute que tenía de él para sacar los productos de su finca, que como se alega anteriormente, está dedicada al cultivo de caña de azúcar, estando actualmente en el período de cosecha."

A esta demanda el demandante acompañó una solicitud para que se dictara una orden de entredicho, en la cual después de hacer referencia a la demanda, se alegó lo siguiente:

"Que es necesario que la Corte dicte un auto contra el demandado requiriéndole que deje expedito el camino que atraviesa su finca de modo que el demandante pueda transportar los productos que produce su finca, que son los que se alegan en la demanda, estando dispuesto el demandante a prestar la fianza que la Corte ordene para responder de los daños y perjuicios que pueda causarle al demandado a virtud de dicho auto de injunction."

El mismo día y sin oír al demandado, la corte dictó la orden de entredicho solicitada en la siguiente forma:

"Vista la demanda jurada presentada en este caso y la solicitud de un auto de injunction preliminar que se solicita, la

Corte ordena al demandado se abstenga de interrumpir en cualquier forma la transportación de los productos de la finca del demandante mientras se substancia y decide este procedimiento ante esta Corte, y para la vista de este auto de injunction preliminar se cita al demandado para que comparezca ante esta Corte y el Juez que firma, el lunes 2 de mayo de 1949 a las 9 de la mañana, a mostrar causa por la cual no debe expedirse el auto de injunction que se solicita, exigiéndosele al demandante una fianza por la suma de Mil Dólares para responder de los daños y perjuicios que pueda ocasionar a virtud de esta solicitud de injunction. . . ."

El mismo día también, se prestó la fianza, se expidió el correspondiente mandamiento y fué notificado el demandado con copia de la orden de entredicho.

Dos días después, el 29 de abril de 1949, el demandante radicó una moción informando a la corte que el demandado no había cumplido con la orden de entredicho y la corte dictó una orden citándolo para que compareciéra el 2 de mayo a mostrar causas por qué no debía ser castigado por desacato. En dicho día el demandado radicó una moción para que se desestimara la demanda de injunction por no aducir hechos suficientes constitutivos de una causa de acción.

Al celebrarse la vista sobre el alegado desacato del demandado, el demandante desistió de su moción al efecto y solicitó permiso para enmendar su moción sobre orden de entredicho. El demandado se opuso y solicitó se dejara sin efecto el entredicho dictado porque los hechos alegados no justificaban su expedición, ya que no se alegaba en la moción ni en la enmienda que se pretendía hacer, los daños irreparables que se ocasionaron al demandante ni en qué consistían; que no se describía la finca del demandado y tampoco el camino que se alega la cruza. En ese momento la corte preguntó: "¿Para el injunction posesorio harían falta esas alegaciones?" Contestó el demandado en la afirmativa, y solicitó que se disolviera el injunction (quiso decir entredicho), a lo que dijo la corte: "Está disuelto." Y procedió a suspender la vista hasta las dos de la tarde para oír a las partes sobre el injunction preliminar.

Al continuar la vista por la tarde, el demandante radicó una solicitud de injunction preliminar enmendada en la cual después de dar por reproducidas las alegaciones de su demanda de injunction, alegó:

"Que el demandado ha interrumpido el tránsito de vehículos de motor (*trucks*) que utiliza el demandante para la transportación de los productos de su finca a través del camino público que atraviesa la finca del demandado, colocando un poste de hierro, como de seis pulgadas de diámetro y tres pies de alto, a dos pies más o menos de la orilla izquierda del camino, yendo hacia la finca del demandante; que este poste ha sido colocado por agentes del demandado actuando por instrucciones suyas y éste se ha negado y se niega insistentemente a retirarlo;

"Que es necesario que la Corte dicte un auto de injunction preliminar requiriendo al demandado para que, mientras se substancia y decide este litigio, deje expedito el camino que atraviesa su finca retirando el poste que antes se menciona y a no interrumpir en ninguna otra forma el tránsito de los vehículos de motor que utiliza el demandante para la transportación de los productos de su finca a través de ese camino, mediante la prestación por el demandante de la fianza que estime a bien fijar la Hon. Corte."

Se notará que mientras en la demanda se alega que el demandado cerró el camino, en esta solicitud por primera vez se alega que lo que hizo el demandado fué interrumpir el tránsito colocando un poste de hierro a la orilla izquierda del camino.

Continuó la vista presentándose prueba por ambas partes y, no pudiendo la corte realizar una inspección ocular solicitada, autorizó que cada parte nombrara un perito para inspeccionar el camino y rendirle un informe, lo que hicieron. Dos días después, la corte dictó un auto de injunction preliminar haciendo constar, entre otras cosas, que la orden de entredicho no tuvo efectividad alguna pues fué dejada sin efecto y que luego de considerar la prueba y los informes sometidos, procedía conceder dicho auto sin prejuzgar el caso de injunction posesorio en su fondo. Dispuso además la corte lo siguiente:

"Se acepta la fianza prestada por el demandante Ramón Ernesto Avalo al solicitar la orden de entredicho porque en la misma los fiadores de reconocida solvencia se obligan a pagar al demandado los daños y perjuicios que se le puedan ocasionar con la expedición del auto preliminar de injunction si se demostrase o si se resolviese que el demandante no tenía derecho a la solicitud de un auto de injunction posesorio."

No conforme el demandado apeló y en este recurso alega que la corte inferior erró al hacer constar que la orden de entredicho no tuvo efectividad alguna, al resolver este caso a base de un injunction posesorio cuando de las alegaciones y de la forma de conducir el caso el demandante indujo al demandado a proceder como si se tratase de un injunction ordinario y al expedir el auto de injunction preliminar sin fianza y sin que la demanda expusiera hechos constitutivos de causa de acción.

Tiene razón el apelante al sostener que la demanda en este caso no aduce hechos suficientes constitutivos de una causa de acción, de un injunction posesorio, como lo hizo la corte inferior, pues no se alega en ella que el demandante haya estado en posesión del camino, dentro del año anterior a la radicación de la demanda, no se describe la finca del demandado, no se describe el camino y no se alega cuáles son los actos específicos que ha realizado el demandado para interrumpir la posesión del demandante. *Martorell* v. *Municipio*, 70 D.P.R. 380 y casos en él citados.

¿Podría decirse que la prueba enmendó las alegaciones de la demanda? Consideramos que no, ya que dicha prueba fué presentada a los efectos de la petición de injunction preliminar y no de la demanda original, y a la corte se le planteó por el demandado la cuestión de falta de hechos de la demanda. Si ésta no aducía hechos suficientes para un caso de injunction posesorio, que fué como la consideró la corte, no procedía la concesión del entredicho *ex parte* que

dictó originalmente la corte (¹) y tampoco del injunction preliminar. Si bien en el caso de *Echevarría Vda. de Subirá* v. *Saurí*, 38 D.P.R. 737, resolvimos que puede obtenerse una orden de la naturaleza de un injunction *pendente lite* en auxilio de la jurisdicción de la corte en un pleito de injunction posesorio, lo fué a base de una demanda que aducía hechos suficientes. Además, al conceder el injunction preliminar, la corte no podía dejar en vigor la fianza que había sido prestada al dictarse la orden de entredicho, ya que ésta fué dejada sin efecto y no importa la forma en que estuviera redactada dicha fianza, a los fiadores no podría hacérseles responsables más allá de aquéllo a que ellos se obligaron, es decir, a las consecuencias del entredicho originalmente concedido. Al dejarse éste sin efecto por la corte con él terminó el efecto de la fianza. Al concederse el injunction preliminar posteriormente debió fijarse por la corte nueva fianza y prestarse ésta por los mismos fiadores o por otros, antes de que el injunction pudiera tener efecto.

Nos damos cuenta de que posiblemente, por el tiempo transcurrido, las cuestiones envueltas se hayan convertido en académicas. Es de suponerse que tratándose, como resolvió la corte inferior, de un interdicto posesorio, ya se haya visto y resuelto el mismo, pero sea ello como fuere, consideramos que erró la corte al conceder el injunction preliminar y que *procede revocar la sentencia y devolver el caso para ulteriores actuaciones si proceden.*

(¹) Y aun cuando hubiera procedido no se cumplió con los requisitos exigidos por la Regla 65 (*b*) de las de Enjuiciamiento Civil, que en lo pertinente dispone:

"No se concederá una orden de entredicho provisional sin notificación previa a la parte adversa a menos que aparezca claramente de hechos específicos que se hagan constar por *affidavits* o en la demanda jurada que se causarán perjuicios, pérdidas o daños inmediatos e irreparables al solicitante antes de que pueda hacerse una notificación y ser oídas las partes sobre la solicitud. Toda orden de entredicho provisional concedida sin notificación previa llevará al dorso constancia de la fecha y hora de su expedición; será archivada inmediatamente en la Secretaría de la Corte y registrada; en ella se definirá el perjuicio y se hará constar por qué el mismo es irreparable y la razón por la cual se expidió la orden sin notificación previa. . ."