RAMÓN ERNESTO AVALO, demandante y apelado, *v.* CÁNDIDO CACHO, hoy su SUCESIÓN, demandada y apelante; JAIME CALAF COLLAZO y JUAN DÁVILA DÍAZ, fiadores y apelados.

Núm. 10403.—*Sometido:* Abril 3, 1951. *Resuelto:* Marzo 31, 1952.

V. *Polanco de Jesús,* abogado del apelante, hoy su sucesión; *E. Pérez Casalduc,* abogado del apelado; *R. Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados de los fiadores, apelados.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Los antecedentes de este litigio aparecen de nuestra opinión en el caso de *Avalo* v. *Cacho*, 71 D.P.R. 105, razón por la cual sólo habremos de referirnos aquí a aquellos hechos que sean indispensables para resolver el presente recurso.

Por la referida decisión revocamos una sentencia del tribunal inferior concediendo un *injunction* preliminar, dentro de un pleito de injunction posesorio, por el fundamento de que la demanda en éste no aducía hechos constitutivos de causa de acción y de que la prueba que se ofreció a los efectos de la petición de injunction preliminar no enmendó las alegaciones de dicha demanda, razón por la cual no procedía ni el entredicho que se concedió *ex parte* en la misma fecha en que se presentó la demanda, ni el injunction preliminar concedido posteriormente. Con relación a la fianza prestada al dictarse la orden de entredicho—la cual fianza fué dejada en vigor por el Tribunal para el afianzamiento del injunction preliminar luego de disuelto el entredicho— nos expresamos así: "Además, al conceder el injunction preliminar, la corte no podía dejar en vigor la fianza que había sido prestada al dictarse la orden de entredicho, ya que ésta fué dejada sin efecto y no importa la forma en que estuviera redactada dicha fianza, a los fiadores no podría hacérseles responsables más allá de aquello a que ellos se obligaron, es decir, a las consecuencias del entredicho originalmente concedido. Al dejarse éste sin efecto por la corte con él terminó el efecto de la fianza. Al concederse el injunction preliminar posteriormente debió fijarse por la corte nueva fianza y prestarse ésta por los mismos fiadores o por otros, antes de que el injunction pudiera tener efecto."

Una vez devuelto el caso al tribunal inferior, el demandado, dentro del propio procedimiento, véase *Colón* v. *Corte*, 62 D.P.R. 749, reclamó daños y perjuicios del demandante y de sus fiadores Jaime Calaf Collazo y Juan Dávila Díaz,

alegando "que todos los actos ejecutados por el demandante al amparo del entredicho y del *injunction* preliminar, han ocasionado intranquilidad, desasosiego y sufrimientos mentales y morales los que estima y justiprecia en esta forma:

"A.—Honorarios de abogado para obtener la disolución del entredicho.............. $300. 00
"B.—Gastos de automóvil, viajes y testigos..... · 25. 00
"C.—Destrucción de cercas y daños de animales.. 200. 00
"D.—Intranquilidad y desasosiego mental y moral............................... 1, 000. 00
"E.—Gastos para defender el pleito en adición al entredicho, incluyendo los gastos de taquígrafos y abogado para ante el Tribunal Supremo que revocó la sentencia.. 500. 00"

Terminó su moción suplicando que se condenara al demandante y a sus fiadores a pagarle la cantidad de $2,025 como daños y perjuicios que se le ocasionaron con motivo de la expedición de la orden de entredicho y del injunction, limitando la responsabilidad de los fiadores a la suma de $1,000 especificada en la fianza, más las costas y gastos del procedimiento.

El tribunal inferior declaró sin lugar dicha moción, fundándose esencialmente en que (1) No habiendo recaído resolución definitiva en el pleito de injunction no cabía reclamación de daños; (2) Cubriendo la fianza prestada solamente los daños provenientes de la expedición de la orden de entredicho, la responsabilidad de los fiadores estaría limitada a tales daños; (3) Las partidas bajo las letras (A), (B) y (D) de la moción sobre reclamación de daños, que serían las únicas relacionadas con la orden de entredicho, relativas a honorarios de abogado, la primera, y a gastos de automóvil, viajes y testigos, la segunda, no son recobrables como elementos de daños y perjuicios, de acuerdo con el caso de *Sierra* v. *Santiago*, 48 D.P.R. 687, como tampoco la partida bajo la letra (D) relativa a intranquilidad y desasosiego mental y moral, de acuerdo con los casos de *Díaz* v.

*Cancel,* 61 D.P.R. 888; *Rosado* v. *Smallwood Bros.,* 62 D.P.R. 637 y *Díaz* v. *Palmer,* 62 D.P.R. 111; (4) No habiéndose alegado ni apareciendo de lo habido en este caso que el demandante actuara maliciosamente y sin causa probable al solicitar el auto de injunction preliminar—que fué dictado sin fianza—el demandado no tenía derecho a recobrar daños y perjuicios de él.

Los argumentos en apoyo del recurso de apelación son en el sentido de que, independientemente de la fianza, el demandante es responsable de los daños causados tanto a consecuencia del entredicho como del injunction preliminar; que los fiadores son responsables de los daños causados por la expedición del entredicho, hasta el límite de la suma de $1,000 especificada en la fianza, y que las partidas reclamadas deben ser concedidas por concepto de daños. Veamos.

▓▓ El texto de la obligación suscrita por el demandante y sus fiadores al expedirse la orden de entredicho es el siguiente:

"Nosotros, Ramón Ernesto Avalo, Juan Dávila Díaz y Jaime Calaf Collazo, habiéndose dictado por la Hon. Corte de Distrito de Arecibo una orden requiriéndole al demandante en este caso la prestación de una fianza para responder de los daños y perjuicios que pueda ocasionar a virtud de una solicitud de injunction preliminar que ha radicado en la Secretaría de dicha Corte, mancomunada y solidariamente respondemos que pagaremos al demandado todos los daños y perjuicios que se ocasionen a virtud de dicho auto de injunction, si se demostrase que el demandante no tenía razón al solicitarlo, hasta la suma de Mil ($1,000.00) Dólares.

(Fdo.) R. E. Avalo
Ramón Ernesto Avalo
Principal.

(Fdo.) Juan Dávila Díaz (Fdo.) Jaime Calaf Collazo
Fiador Fiador."

Es de observarse que en dicha fianza los fiadores consignan que pagarán "todos los daños y perjuicios que se ocasionen a virtud de dicho auto de injunction, si se demostrase

que el demandante no tenía razón al solicitarlo", hasta la suma de $1,000. No se incluyó en el contrato de fianza específicamente el término "costas". La Regla 65(c) de las de Enjuiciamiento Civil provee:

"*Fianza.*—No se dictará ninguna orden de entredicho ni de *injunction* preliminar excepto mediante la prestación de fianza por el solicitante, por la cantidad que la Corte considere justa, para el pago de las costas y daños en que pueda incurrir o que haya sufrido cualquier parte que haya resultado indebidamente puesta en entredicho o restringida. La mencionada fianza no será requerida a El Pueblo de Puerto Rico ni a ningún funcionario o agencia del mismo."

Se hace evidente que al redactarse las condiciones de la fianza no se conformaron las mismas a las exigencias de la Regla 65(c) arriba transcrita, y sí a las del artículo 681 del Código de Enjuiciamiento Civil (ed. 1933)—artículo 7 de la Ley de 8 de marzo de 1906 relativa a Injunctions—el texto del cual, en lo pertinente, es el siguiente: "Al concederse un *injunction* excepto cuando se haga a petición de El Pueblo de Puerto Rico, de un condado, de una corporación municipal, de un board de distrito, o de una mujer contra su marido, la corte o juez deberá exigir al solicitante una fianza por escrito, con fiadores abonados, comprometiéndose a satisfacer a la parte requerida los daños y perjuicios dentro de una suma especificada, que pudiere ocasionarle el *injunction*, si resolviese definitivamente el tribunal que el solicitante no tenía derecho a establecerlo."

Sin embargo, no obstante no especificarse en la fianza que los fiadores se obligaban al pago de las *costas*, además de los *daños*—según requiere la Regla 65(c) antes transcrita—tal condición, esto es, el pago de las *costas*, es parte del contrato de fianza aunque no se haya incluído expresamente en él, pues es regla ya establecida que deben entenderse incorporados al mismo los requisitos que la ley exige. *Cintrón* v. *Insular, Etc., y Balbaño,* 58 D.P.R. 821; *Avilés* v. *Hijos de Rafael Toro, S. en C., et al.,* 27 D.P.R. 671.

292

██ Ahora bien: Se trata aquí—no obstante haber sido iniciada mediante moción dentro del propio pleito de injunction—de una acción de daños y perjuicios que tiene su origen en el artículo 1802 del Código Civil y no en el contrato de fianza. En consecuencia, por su naturaleza, dicha acción es una *ex delicto* y no *ex contractu*, pues la base de la misma la constituyen los daños que hayan podido ocasionarse a la parte contra quien se dirigió la orden, como consecuencia de la expedición de la misma a instancias del demandante. *Cintrón* v. *Insular Etc., y Balbaño*, supra. La responsabilidad de éste surge independientemente del contrato de fianza, que lo que hace es fijar el límite de responsabilidad de los fiadores por los daños y perjuicios sufridos a consecuencia de la orden de entredicho, siendo solidaria la responsabilidad entre éstos y el principal hasta el límite de la fianza. En este caso específico, dicha responsabilidad solidaria se circunscribe a los daños que hubiere podido causar el entredicho únicamente. El principio envuelto es el mismo que se expuso en el caso de *Cintrón* y casos y autoridades allí citados, incluyendo especialmente a *Restatement of the Laws of Torts*, Tomo III, sección 674, pág. 443. Véase expresamente sobre ese punto, *Serrallés* v. *Saurí*, 44 D.P.R. 402. Habiendo resuelto este Tribunal en *Avalo* v. *Cacho*, supra, que no procedía la concesión del entredicho ni tampoco la del injunction preliminar—procedimientos éstos auxiliares—por no aducir hechos suficientes de causa de acción la demanda en el procedimiento principal, el demandante en dicho pleito, sin referencia al contrato de fianza—y los fiadores en la extensión y cuantía fijada en la fianza—es responsable de los daños y perjuicios que pudo haber causado la errónea expedición de las órdenes de entredicho y de injunction preliminar. *Serrallés* v. *Saurí*, supra.

██ El tribunal inferior cometió error al desestimar la moción sobre daños y perjuicios en contra del demandante Avalo, fundándose en que no se alegaba, en cuanto a él, que

hubiere actuado con malicia o falta de causa probable. A ese respecto creemos de aplicación lo dicho en *Serrallés* v. *Saurí*, supra, al comentar el artículo 7 de la Ley de 8 de marzo de 1906 relativa a Injunction, artículo 681, Código de Enjuiciamiento Civil, ed. 1933, que sustancialmente equivale a la Regla 65 (*c*) de las de Enjuiciamiento Civil vigentes:

"Esta disposición presupone la responsabilidad del peticionario por todos los daños ocasionados por la expedición del auto si se probase luego que fué expedido equivocadamente. La ley no limita esa responsabilidad a la cuantía especificada en la fianza. No limita el remedio a una acción sobre la fianza. No hace que la alegación y prueba de malicia o falta de causa probable sea una condición precedente a un fallo favorable en cualquier otro procedimiento.

"De acuerdo con la fraseología del artículo 1803 de nuestro Código Civil (Estatutos Revisados 4909), 'el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.' Con esta amplia base para el resarcimiento de daños, no hay necesidad de recurrir a una acción por abuso de procedimiento o por persecución maliciosa, o a ninguna otra acción especial sobre el caso. La razón por la cual la regla del derecho común requiere la alegación y prueba de malicia o falta de causa probable es que la acción del derecho común por daños causados debido a la expedición errónea de un *injunction,* participa de la naturaleza de una acción por persecución maliciosa. En un procedimiento iniciado de conformidad con el artículo 1803 de nuestro Código Civil, no hay mayor razón para que se requieran tal alegación y prueba que la que habría para igual requisito en una acción sobre la fianza."

Véase al mismo efecto *R. Muñiz de León & Co.* v. *Melón Hnos. & Cía.,* 56 D.P.R. 330.

En cuanto a los fiadores concierne, por la limitada responsabilidad contraída en el documento de fianza—pagar los daños (y costas) causados por la expedición del entredicho—y dada la conclusión a que llegó el tribunal inferior al dictar el auto de injunction preliminar, luego de recibida la prueba de ambas partes en la vista celebrada, en el sentido de. que "la orden de entredicho no tuvo efectividad al-

guna pues fué dejada sin efecto", su responsabilidad—solidaria con la del demandante—es nominal y su presencia en el pleito casi académica. En virtud de tales conclusiones, con excepción de costas y honorarios de abogado provenientes de la expedición de la orden de *entredicho*, de nada más podrían ser responsables.

 Los daños que se reclaman por honorarios de abogado para obtener la disolución del entredicho son recobrables por vía de daños y perjuicios. El caso de *Sierra* v. *Santiago*, supra, citado por los apelados, y en el cual se resolvió lo contrario, se apartó en cuanto a ese extremo de la constante jurisprudencia de este Tribunal con anterioridad a dicha decisión. Véanse los casos de *Moreno* v. *Martínez et al.*, 14 D.P.R. 383; *Quiñones* v. *The Am. R. R. Co. of P. R.*, 17 D.P.R., 267; *Sucesión Jiménez* v. *Cruz et al.*, 31 D.P.R. 254; *Burgos Macías* v. *Esteves*, 38 D.P.R. 443 y *San Juan Racing & Sporting Club* v. *Castro*, 38 D.P.R. 335. Sin embargo, en *R. Muñiz de León & Co.* v. *Melón Hnos. & Cía.*, supra, volvió este Tribunal a reconocer—y conceder—honorarios de abogado pagados para obtener la disolución de un embargo ilegal, como elemento de daños y perjuicios. Esa es la regla prevaleciente hoy día en esta jurisdicción, la que ahora ratificamos en cuanto a honorarios de abogado para obtener la disolución de un entredicho, no habiendo sido alterada la misma por el caso de *Vélez* v. *General Motors, Etc. Corporation*, 59 D.P.R. 584, 588.

 No es necesario que examinemos las demás partidas reclamadas como daños. Sobre ellas no pasó el tribunal inferior a excepción de la denominada "Intranquilidad y desasosiego mental y moral." Pero en cuanto a todas, incluyendo esta última, corresponde resolver en primera instancia, y con vista a la prueba que se practique, a dicho tribunal.

*En vista de lo anterior, la resolución será revocada y devuelto el caso al tribunal inferior para ulteriores procedimientos no inconsistentes con esta opinión.*