ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **MILDRED PAGÁN LANCARA**<br><br>Peticionaria<br><br>v.<br><br>**EL RANCHO DON JULIO LLC**<br><br>Recurrido | TA2025CE00549 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Caso Núm.:<br>**BY2025CV04481**<br><br>Sobre:<br>Petición de Orden |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece ante nos la señora Mildred Pagán Lancara (Sra. Pagán Lancara o peticionaria), mediante un *Recurso de Certiorari*, y nos solicita que revoquemos una *Orden* emitida el 3 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En virtud del referido dictamen, el TPI denegó la solicitud de reconsideración presentada por la Sra. Pagán Lancara.[2]

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos la *Orden* emitida por el foro primario el 26 de agosto de 2025.[3]

### I.

El presente caso tiene su génesis el 25 de agosto de 2025, cuando la peticionaria incoó una *Demanda* en contra de El Rancho Don Julio, LLC (Rancho Don Julio o parte recurrida), al amparo de

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TA, Entrada Núm. 1, Anejo 4. Notificada y archivada en autos el 4 de septiembre de 2025.
[2] *Íd.*, Anejo 3.
[3] *Íd.*, Anejo 2. Notificada y archivada en autos el 26 de agosto de 2025.

las disposiciones del Título III del *American with Disabilities Act of 1990*, 42 USC sec. 12101 *et seq.* (Ley ADA), a la que le acompañó el formulario de emplazamiento.[4] En esencia, adujo que sufría de varias condiciones crónicas de salud que le requerían utilizar un bastón como apoyo a su movilidad. Asimismo, alegó que visitó el restaurante El Rancho Don Julio donde, según esgrimió, enfrentó múltiples barreras físicas que afectaron su acceso y movilidad en el establecimiento, por lo que se sintió frustrada y humillada.

Arguyó que la Ley ADA, *supra,* le imponía a la parte recurrida una obligación de eliminar barreras arquitectónicas y de asegurar que las instalaciones y los servicios del establecimiento estuviesen disponibles en condiciones de igualdad para las personas con discapacidades.

En ese sentido, sostuvo que Rancho Don Julio violó el referido estatuto, causándole daños. Consecuentemente, solicitó del foro *a quo* la expedición de un interdicto permanente para que ordenara a la parte recurrida a, esencialmente, remover las barreras arquitectónicas y adoptar una política de acceso igualitario.

El 26 de agosto de 2025, el foro primario emitió una *Orden.*[5] En particular, indicó que tenía la discreción de renunciar o reducir el requisito de fianza en casos de interés público, como los casos presentados bajo las disposiciones de la Ley ADA, *supra.* Asimismo, dispuso que la sección 12188 del referido estatuto no especificaba el requerimiento de fianza para un peticionario que solicitaba un interdicto permanente o *temporary interdict* por lo que el tribunal podría solicitar la consignación de ésta. Siendo así, el TPI ordenó la consignación de mil dólares ($1,000.00), previo a la expedición del emplazamiento dirigido a la parte recurrida.

---

[4] *Íd.,* Anejo 1.
[5] *Íd.,* Anejo 2. Notificada y archivada en autos el 26 de agosto de 2025.

No conteste con ello, el 27 de agosto de 2025, la Sra. Pagán Lancara presentó una *Moción en Solicitud de Reconsideración a la Orden del 26 de agosto de 2025*.[6] Esencialmente, expuso que el TPI interpretó erróneamente el remedio solicitado toda vez que se trataba de un interdicto permanente y no de uno provisional o preliminar. Sostuvo que la distinción era crucial ya que las Reglas de Procedimiento Civil, 32 LPRA Ap. V, requerían de la consignación de una fianza para entredichos provisionales e interdictos preliminares, mas no para *injunctions* permanentes.

Igualmente, indicó que no existía precedente judicial en el que se solicitara una fianza en demandas de interdictos permanentes bajo la Ley ADA, *supra*, y que la imposición de una fianza constituía una obstaculización procesal vedada por el Tribunal Supremo de Estados Unidos en *Felder v. Casey*, 487 US 131 (1988). Específicamente, arguyó que el Máximo Foro judicial federal estableció que las leyes estatales no podían imponer obstáculos procesales que frustraran los propósitos de las leyes federales de derechos civiles.

Asimismo, señaló que los casos del Tribunal de Apelaciones de Estados Unidos para el Tercer Circuito- los que citó el foro primario para sostener su orden de consignación de fianza- no involucraban reclamaciones bajo la Ley ADA, *supra*, y establecían que los tribunales tenían discreción para dispensar o reducir el requisito de fianza en litigio de interés públicos. Apuntaló que la ausencia en el estatuto en cuanto a la consignación de fianza suponía un silencio legislativo que debía ser interpretado como intencional.

---

[6] *Íd.*, Anejo 3.

Ante ello, el 3 de septiembre de 2025, el TPI emitió una *Resolución* donde declaró *No Ha Lugar* la solicitud de reconsideración presentada por la parte recurrida.[7]

Aún inconforme, el 3 de octubre de 2025, la peticionaria acudió ante nos mediante el presente *Recurso de Certiorari*, y señaló al foro *a quo* por la comisión de los siguientes errores:

> ERRÓ EL TPI AL INTERPRETAR INCORRECTAMENTE LA NATURALEZA DEL INTERDICTO PERMANENTE SOLICITADO BAJO 42 U.S.C. § 12188(a)(2), CARACTERIZÁNDOLO COMO UN "TEMPORARY INTERDICT" LO QUE REVELA CONFUSIÓN ENTRE CONCEPTOS LEGALES DISTINTOS.

> ERRÓ EL TPI AL APLICAR LA REGLA 57.4 DE LAS REGLAS DE PROCEDIMIENTO CIVIL DE PUERTO RICO A UNA SOLICITUD DE INTERDICTO PERMANENTE CUANDO DICHA REGLA ESTABLECE REQUISITOS DE FIANZA EXCLUSIVAMENTE PARA INTERDICTOS PRELIMINARES Y PROVISIONALES, NO PARA RELIEF FINAL.

Por tal razón, y conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), eximimos a la parte recurrida de presentar su alegato en oposición.[8]

**II.**

**A.**

El *injunction*, o interdicto, es un recurso extraordinario discrecional, regulado por los Artículos 675 al 695 del Código de Enjuiciamiento Civil, 32 LPRA secs. 3521-3566, y por la Regla 57 de Procedimiento Civil, *supra*, R. 57. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 426 (2008); *Pérez Vda. Muñiz v. Criado*, 151 DPR 355, 372 (2000). Su fin es "prohibir u ordenar la ejecución de un acto, para evitar que se causen perjuicios inminentes o daños

---

[7] *Íd.*, Anejo 4. Notificada y archivada en autos el 4 de septiembre de 2025.

[8] El 7 de octubre de 2025, emitimos una *Resolución* donde otorgamos a Rancho Don Julio un término de diez (10) días para presentar un memorando en oposición a la expedición del auto de *certiorari*, conforme a la Regla 37 del Reglamento del Tribunal de Apelaciones, *supra*, R. 37. Sin embargo, la misma fue devuelta toda vez que Rancho Don Julio no ha sido emplazado y, por ende, no ha comparecido ante el TPI.

irreparables a alguna persona, cuando no hay otro remedio en ley adecuado". *Mun. Fajardo v. Srio. Justicia et al.*, 187 DPR 245, 255 (2012). En adición, el interdicto "se caracteriza por su perentoriedad, por ser una acción dirigida a evitar un daño inminente o a reestablecer el régimen de ley conculcado por conducta opresiva, ilegal o violenta del transgresor del orden jurídico". *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 426.

Como es sabido, la Regla 57 de Procedimiento Civil, *supra*, contempla que los tribunales pueden expedir tres (3) tipos de interdicto, a saber: el entredicho provisional, el *injunction* preliminar y el *injunction* permanente. El primero se dicta sin notificación previa a la parte adversa ante una demanda o declaración jurada de la que surjan perjuicios o daños inminentes e irreparables, así como las razones que justifiquen la dispensa de notificación. Regla 57.1 de Procedimiento Civil, *supra*, R. 57.1.

Por otro lado, el *injunction* preliminar, o *pendente lite*, para cuya expedición se requiere la notificación de la parte adversa, tiene el propósito de mantener el *status quo* mientras se dilucida el pleito en sus méritos. Regla 57.2 de Procedimiento Civil, *supra*, R. 57.2; *Next Step Medical v. Bromedicon*, 190 DPR 474, 486 (2014). Lo anterior es así de modo que "el demandado no promueva con su conducta una situación que convierta en académica la determinación que finalmente tome el tribunal". *Next Step Medical v. Bromedicon, supra*, pág. 486.

Por último, el interdicto permanente <u>se concede posterior al juicio en sus méritos</u> y a que el tribunal considere: (1) si el promovente prevaleció en el juicio en sus méritos; (2) si éste posee algún remedio adecuado en ley; (3) el interés público envuelto; y, (4) el balance de equidades. *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428.

Ahora bien, las Reglas de Procedimiento Civil, *supra*, especifican ciertos criterios y requisitos que los tribunales deben tomar en consideración en las acciones de *injunctions*.

En particular, la Regla 57.4 de Procedimiento Civil, *supra*, R. 57.4, establece un requisito de fianza y dispone, en lo aquí pertinente, que:

> No se dictará ninguna **orden de entredicho** ni de ***injunction* preliminar** excepto mediante la prestación de fianza por la parte solicitante, por la cantidad que el tribunal considere justa, **para el pago de las costas y daños en que pueda incurrir o que haya sufrido cualquier parte que haya sido indebidamente puesta en entredicho o restringida**. . . . (Énfasis y subrayado suplidos).

> Regla 57.4 de Procedimiento Civil, *supra*. (énfasis suplido).

Según se desprende, la consignación de una fianza es un requisito *sine qua non* para la concesión de un **entredicho provisional** o un **interdicto preliminar** al palio de la Regla 57 de Procedimiento Civil, *supra*. En adición, su fin es uno reparador. *Central Altagracia v. Otero et al.*, 13 DPR 111 (1907). La antedicha naturaleza ha sido así refrendada por nuestro Más Alto Foro judicial al indicar que "[l]as fianzas que se exigen como requisito para dictar una orden de entredicho cubren sólo las costas y daños incurridos que son consecuencia del entredicho." *Marbarak v. Tribunal Superior*, 93 DPR 474, 479 (1966) (*per curiam*); *Avalo v. Cacho, hoy su Sucesión*, 73 DPR 286, 292 (1950).

### B.

Por otro lado, el recurso de *certiorari* es un auto procesal extraordinario por el que un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el

Tribunal de Apelaciones mediante auto de *certiorari*. *Rivera et al. v. Arcos Dorados et al., supra*. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez, supra*, pág. 847.

Por su parte, la Regla 52.1 de Procedimiento Civil, *supra*, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Rivera et al. v. Arcos Dorados et al., supra*, 207-208. Esa regla establece, en lo pertinente, lo siguiente:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Regla 52.1 de Procedimiento Civil, *supra*.

El delimitar la revisión a dichas instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace esta Curia previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez, supra*, pág. 428; *800 Ponce de León v. AIG, supra*, pág. 176. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, señala

los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. La citada regla dispone que:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio, como tampoco constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 n. 15 (2005).

Por lo que, de los factores esbozados se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida como la etapa del procedimiento en la que fue presentada. Lo anterior, a los fines de determinar si es la más apropiada para intervenir sin ocasionar un fraccionamiento indebido o una dilación injustificada del litigio. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Es norma reiterada que, el foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los que se demuestre que el dictamen que emitió el foro de instancia es arbitrario o constituye un exceso de discreción. *BPPR v. SLG Gómez-López*, 213 DPR 314, 334 (2023). A tenor de la Regla 11(C) de nuestro Reglamento, *supra*, R. 11(C), cuando la citada Regla 52.1 de Procedimiento Civil, *supra*, impida expedir el auto de *certiorari*, procede denegar su expedición.

Expuesta la normativa jurídica aplicable, pasemos a disponer del recurso instado ante nos.

**III.**

En el caso de marras, la Sra. Pagán Lancara señala que el TPI erró al requerirle la consignación de una fianza, como condición para expedir el emplazamiento dirigido a Rancho Don Julio. Particularmente, sostiene que el foro primario se equivocó al exigir tal concesión toda vez que ello procede en casos donde, contrario al presente asunto, se solicite la expedición de un interdicto provisional o preliminar. Le asiste la razón.

Como vimos, las Reglas de Procedimiento Civil, *supra*, son claras en cuanto a que la consignación de una fianza es imprescindible previo a la expedición de un interdicto **de naturaleza provisional y preliminar**. Ello por cuanto los interdictos provisionales son susceptibles de ser expedidos sin la notificación previa del demandado, y los interdictos preliminares tienen como propósito mantener el *status quo*. En ese sentido, son propensos, naturalmente, a ser emitidos jurídicamente infundados y a costa del agravio de quien haya sido sometido a la restricción interdictal

injustificada. De ahí que se exija una garantía, en la forma de una fianza, con anterioridad a que se expida el remedio interdictal.[9]

Ahora bien, el foro primario expuso lo siguiente en la determinación recurrida:

> Las cortes tienen discreción de renunciar ("waive") o reducir el requisito de fianza en casos de litigios de interés público, incluyendo casos presentados bajo el Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12188(a)(2) (en adelante, la "Sección 12188"). De hecho, la Sección 12188 no específicamente menciona o requiere fianza para un peticionario que solicita un interdicto permanente ("temporary inte[r]dict") bajo la ADA.

> Lo anterior sugiere que un Juez(a) podría solicitar la fianza en dichos casos. *Véase*: *Temple University v. White*, 941 F.2d 201 (3d Cir. 1991), Cf. *Frank's GMC Truck Center v. G.M.C.*, 847 F.2d 100, 103 (3d Cir. 1988)[.]

> . . . .[10]

Tal como pormenorizamos anteriormente, sería imperativa la consignación de una fianza para expedir un interdicto provisional o preliminar, por cuanto así lo contemplan las Reglas de Procedimiento Civil, *supra*, inclusive en casos bajo la Ley ADA, *supra*. <u>No obstante, ello no es así en el supuesto de demandas de interdicto permanente como remedio final, como lo es el presente caso.</u>

Cónsono con lo anterior, en el caso de autos no existe la necesidad de restar, a través de una fianza de *injunction*, los daños que pueda sufrir la parte contra quien se solicita el remedio interdictal porque no se encuentra expuesta a un entredicho sin que se dilucide en sus méritos el reclamo. Es decir, en el presente caso no cabe suponer que se emitirá un interdicto que sea propenso a ser injustificado. Por ende, el remedio interdictal solicitado solo puede

---

[9] *Véase Marbarak v. Tribunal Superior, supra*, pág. 479 ("A menos que el injunction se hubiere obtenido de mala fe . . . , la cuantía de los daños . . . está limitada al monto de la fianza").
[10] SUMAC TA, Entrada Núm. 1, Anejo 2.

ser expedido una vez se determine en sus méritos que es jurídicamente procedente.

De hecho, aun si la Sra. Pagán Lancara hubiera solicitado un *injunction* preliminar, tampoco hubiese sido procedente condicionar la expedición del emplazamiento pues la consignación de la fianza es un requisito para emitir el interdicto y <u>no un elemento requerido en el momento que el promovente interpone la acción</u>.[11] A modo de ejemplo, en los pleitos instados por reclamantes residiendo fuera de Puerto Rico, la Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5, les requiere a estos la prestación de una fianza para garantizar el pago de costas, gastos y honorarios de abogado a los que puedan ser condenados.

En fin, colegimos que, en el presente caso, el TPI incidió al condicionar la expedición del emplazamiento de la parte recurrida a que la Sra. Pagán Lancara consignara una fianza de *injunction.* De ahí que el foro primario debió expedir el correspondiente emplazamiento sin trámites ulteriores.

**IV.**

Por las razones discutidas anteriormente, expedimos el auto de *certiorari* solicitado y revocamos la *Orden* emitida por el foro primario el 26 de agosto de 2025, notificada ese mismo día. Asimismo, ordenamos la devolución del presente caso al foro *a quo* para la continuación de los procedimientos conforme a lo aquí resuelto.

---

[11] Más aun, ello sería contradictorio pues nótese que la Regla 57.2 de Procedimiento Civil, *supra*, veda la expedición de un interdicto preliminar sin la notificación previa de la parte adversa. *Véase además, WE, LLC d/b/a Wild Encantos v. MRJ Distributors, Inc., et al.*, Núm. 24-1584 (ADC), 2025 WL 3002051, en la pág. *1 (D.P.R., 24 de septiembre de 2025). ("***[S]ecurity need not be posted at the time at which plaintiff applies for injunctive relief***, *but is a condition precedent to issuing grant of injunctive relief.*") (énfasis suplido) (bastardillas en el original).

     Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones