## VERDEJO *v.* SUCESORES DE OLIVA & Co.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 729.—Resuelto en marzo 8, 1912.

DAÑOS Y PERJUICIOS—EMBARGO—ASEGURAMIENTO DE SENTENCIA—INTERVENTOR.—
La Ley de Aseguramiento de Sentencias no es aplicable al caso de autos como fundamento para la indemnización que se reclama, porque esta acción se ejercitó por un tercero que intervino en el pleito en donde se practicó el embargo y no por los demandados en dicha acción, siendo aplicables a este caso los preceptos del artículo 1803 del Código Civil, según los cuales es necesario alegar y demostrar la existencia de culpa o negligencia para poder ejercitar con éxito esta acción.

ID.—VALOR DE LOS BIENES EMBARGADOS—PRUEBAS.—Para que pueda concederse una indemnización por el menosprecio y deterioro de bienes embargados es necesario que se justifique que han ocurrido por culpa o negligencia del demandado y para determinar el montante de la indemnización es indispensable probar el valor de los bienes al practicarse el embargo y su valor al levantarse el embargo.

ID.—BIENES EMBARGADOS—OBLIGACIONES DEL DUEÑO.—Cuando un tercero interviene en una acción y reclama el dominio de los bienes embargados y la corte declara con lugar su reclamación, tiene el deber de tomar posesión de dichos bienes inmediatamente y poner de su parte todos los medios para evitar que continúen los perjuicios que pueda sufrir por motivo del embargo, y si omite el hacerlo no puede hacer responsable al que obtuvo el embargo del valor total de los bienes.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José E. Benedicto.*

Abogado del apelado: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

Esta es una acción por daños y perjuicios entablada por Mariano Verdejo contra Sucesores de Oliva & Co., en la Corte de Distrito de San Juan, en la que se reclamaban seiscientos dollars ($600) como daños y perjuicios por haber embargado dichos demandados, como de la propiedad de Lucas Plaza y otros, un ranchón situado en la calle de Cerra en Santurce; alegando dicho Verdejo ser el dueño del ranchón, y así lo declaró la corte municipal de San Juan el 14 de septiembre, 1911, en un pleito entre las mismas partes.

La Corte de Distrito de San Juan, Primera Sección, dictó sentencia el 8 de mayo de 1911, a favor del demandante, concediéndole doscientos dollars ($200) de daños y perjuicios, sin especial condena de costas. Se trabó el embargo en este caso el 16 de septiembre de 1908; y aparece que el mismo día los demandados en el procedimiento de embargo vendieron sus derechos en el dominio del ranchón a Mariano Verdejo, el cual inmediatamente intervino en el asunto ante la corte municipal, siendo en el procedimiento seguido ante esta última corte, que se dictó sentencia estableciendo su dominio. La Corte de Distrito de San Juan fundó su sentencia por daños y perjuicios, a favor de Verdejo, en el hecho de que la corte municipal lo había declarado dueño de dicho ranchón, y que la sociedad demandada, Sucesores de Oliva & Co., le habían causado daños y perjuicios por su negligencia en embargar, y ocupar dicha finca durante un año, abandonándola finalmente. La sentencia de la corte municipal, oportunamente estableciendo su dominio, se hizo definitiva por no haber sido apelada. Hubo contradicción en la prueba sobre la cuestión del dominio, y el apelante en el presente caso trató de probar que la venta a Verdejo fué hecha con posterioridad a la ejecución del embargo, y también se insinuó que la venta hecha por Plaza y otros había sido fraudulenta. Sin embargo, debemos aceptar el dominio cómo *res adjudicata,* por no haberse ape-

lado contra la sentencia de la corte municipal que lo establecía, la cual sentencia se hizo firme.

Se desprende de la prueba que después de haberse trabado el embargo, la corte se incautó del ranchón y lo entregó a Daniel Ramos como depositario. Después de la sentencia de la corte municipal estableciendo el dominio y levantando el embargo, no consta que ninguna de las partes de este pleito tomara posesión de la finca, o ejerciera dominio o control de la misma. El demandante Verdejo, en su demanda, especialmente rechazó todo deseo o disposición a hacerse cargo del ranchón, alegando que estaba completamente arruinado por haberlo tenido abandonado los demandados Sucesores de Oliva & Co. Por otra parte, los Sres. Oliva & Co., en su contestación alegaron que Verdejo al fallarse el pleito que establecía su reclamación del dominio de la finca, pudo haberse posesionado inmediatamente del ranchón y así debió haberlo hecho, y que en vez de hacerlo, rehusó sin motivo justificado para ello, tomar posesión de él, dejándolo completamente abandonado.

La prueba demuestra que el edificio, tal como se hallaba, no era más que una simple armazón, sin piso ni techo, a excepción de algunas pencas, y que estaba cercado· con tela o cortinas y que estaba expuesto a la intemperie, y que el maderamen se deterioró de tal manera que el ·edificio dejó de tener valor alguno como tal. Sin embargo, la madera ciertamente tenía algún valor como combustible, aunque no como otra cosa.

No se alega en la demanda, ni se ha consignado en la sentencia, ni se ha demostrado por la prueba, que cuando los Sucesores de Oliva & Co. hicieron que se trabara el embargo del edificio supieran ellos que no pertenecía a los demandados Plaza y otros, y que había sido adquirido por Verdejo, ni es importante el que lo supieran o no, excepto por lo que respecta a la cuestión de daños ejemplares o punitivos que no se reclaman aquí.

Respecto a la cuantía de los daños y perjuicios, la prue-

ba simplemente demuestra que la finca embargada valía, el día del embargo, de cuatrocientos a cuatrocientos cincuenta dollars, y Cárdenas, uno de los testigos, declaró que el día de la vista, es decir, el 8 de mayo de 1911, el ranchón era simplemente leña y no valía nada. En ninguna parte de los autos se prueba que al verificarse la vista, en el año 1909, estuviera el ranchón arruinado o que no sirviera, ni hay pruebas para demostrar a cuanto ascendía el deterioro o disminución de valor que sufriera durante el año en que estuvo embargado, ni aparecen de los autos pruebas para determinar la suma de doscientos dollars como cantidad específica de los daños y perjuicios que sufriera el demandante.

El derecho a percibir indemnización por daños y perjuicios no nace en virtud de la ley para el aseguramiento de sentencias, puesto que tal indemnización no se ha exigido por los demandados en el pleito original, Plaza y otros, sobre cuya propiedad se trabó el embargo. Esta acción ha sido entablada por un tercero que intervino en dicho pleito y estableció su reclamación en cuanto a la finca embargada. La ley sobre el aseguramiento de sentencias no tiene aplicación a un caso como el presente que se rige por el artículo 1803 del Código Civil el cual requiere, para establecer la responsabilidad, que haya existido culpa o negligencia por parte de los demandados. En el caso que nos acupa no se alega que los demandados hubieran incurrido en culpa o negligencia. De aquí el que no pueda prosperar la acción por daños y perjuicios, aun en el supuesto que Verdejo fuera el dueño de la finca embargada al efectuarse el embargo y que por sentencia de la corte municipal se le adjudicara el dominio de la finca.

Aun en el caso de que se hubiera alegado en la demanda y probado en el juicio que existió culpa o negligencia por parte de los demandados, los autos no aducen prueba en cuanto a la cuantía de los daños y perjuicios sufridos por el demandante. En el presente caso, en un procedimiento adecuado, pudiera quizás hacerse a los demandados responsables para con el demandante por cualquier deterioro o disminución en

el valor del edificio embargado, siempre que esto hubiese ocurrido por culpa de ellos durante el año que duró el embargo; pero para llegar a la cuantía, el demandante debió haber demostrado por medio de prueba adecuada el valor del edificio en la fecha del embargo y el valor del material, bien fuera como leña o madera o en cualquiera otra condición en que pudiera encontrarse al levantarse el embargo y al devolvérsele la finca, o dejarla a su disposición.

Además, era el deber de Verdejo, una vez que consiguió establecer su derecho al dominio del edificio y la corte se lo había adjudicado, el tomar posesión de él, y sacar del mismo todo el mayor producto, mediante venta o en otra forma, y de ese modo disminuir los daños que sufriera por causa del embargo. No habiéndolo hecho así, no puede hacer responsables a los demandados Sucesores de Oliva & Co. del valor total del edificio. Pero es inútil especular sobre este extremo de la cuestión, puesto que él no lo hizo así y no se presentó prueba en la vista en ese sentido.

No existiendo prueba de la cuantía de los daños y perjuicios realmente irrogados al demandante durante el año en que se le privó de la posesión de la finca, no ha quedado establecida la responsabilidad de los demandados y no debió haberse dictado sentencia contra ellos. Debe revocarse en consonancia la sentencia de la Corte de Distrito, y dictarse por este tribunal sentencia en este caso a favor de los demandados, que son los apelantes, declarándolos exentos de toda responsabilidad y que recobren todas las costas incurridas en este procedimiento.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.