José García Gómez, demandante y apelante, *v.* R. Cacho & Co., demandada y apelada.

No. 6112.—*Sometido:* Junio 1, 1933. *Resuelto:* Junio 23, 1933.

V. *Polanco de Jesús*, abogado del apelante; *S. O'Neill*, abogado de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En una acción de daños y perjuicios provenientes del embargo ilegal de cierta cantidad de arroz y azúcar, el juez de distrito declaró sin lugar una moción de *nonsuit* y la demandada no presentó prueba alguna. El demandante apela

de una sentencia adversa dictada tres días después. Podría admitirse que la mayoría de los daños alegados, si no todos, eran demasiado remotos o no fueron establecidos en tal forma que ofrecieran una base satisfactoria para que se recobrara algo más que una suma nominal.

■■ No podemos convenir con el juez de distrito en que la demandada estuvo justificada en embargar la propiedad en cuestión. Podría ser cierto que el testimonio del márshal que practicó el embargo fuese influído por el deseo de evadir responsabilidad por el embargo ilegal trabado y de imputar tal responsabilidad a la aquí demandada, demandante en la acción original. Empero, el caso no depende enteramente del testimonio del márshal. Éste es corroborado en sus puntos principales, no sólo por el testimonio incontrovertido del aquí demandante, sino también por ciertos hechos indisputados que la prueba documental revela. Cuando la aquí demandada señaló los bienes que debían embargarse en la acción original, ella hizo constar por escrito, por información y creencia, que los demandados en dicho pleito habían vendido los bienes a José García. Cuando se permitió que García interviniera en el procedimiento original como reclamante de los bienes embargados, la aquí demandada, contestando la demanda de intervención, alegó que con anterioridad a la fecha en que se inició la acción original, ella había informado a García que Cruz Matos (uno de los demandados en el aludido pleito) era deudor de ella y le había dicho a él (a García) que si compraba dicho establecimiento comercial debía hacerse cargo del crédito. La venta de Cruz Matos a García fué hecha por escrito. El documento estaba suscrito por las partes contratantes y por testigos en presencia de un notario, y el precio de la compraventa fué pagado en efectivo en presencia de dicho notario y de los testigos. Este documento fué mostrado por García y examinado por el márshal y por uno de los miembros de la firma demandada, quien no obstante insistió en que el márshal procediera a practicar el embargo. Luego,

la demandada tenía conocimiento de la venta en perspectiva antes que ella se consumara y había sido informada de su consumación antes de obtener el mandamiento de embargo y antes de dar instrucciones escritas al márshal. Ella pudo haberse cerciorado de todos los hechos y haber disipado toda posible duda que pudiera surgir en cualquier momento durante los diez o doce días que transcurrieron entre la fecha en que se hizo el traspaso y la fecha en que se practicó el embargo. En el momento de efectuarse el embargo (*levy*) se confrontó con evidencia escrita del traspaso, de los términos del mismo y de la forma en que éste se había efectuado. Al momento de la incautación García también mostró el recibo creditivo del dinero pagado por él al municipio por una patente para explotar el negocio. La patente para vender cigarros y cigarrillos aun estaba a nombre del anterior dueño del negocio, mas los cigarros y cigarrillos no fueron embargados. Ante estos hechos, no hubo excusa o justificación para proceder con el embargo.

*La sentencia apelada debe ser revocada y en su lugar esta Corte dictará otra en favor del demandante por la suma de $5.00 más las costas.*