Societé Anonyme de Photographie Industriale, demandante y apelada, *v.* Manuel Vallés y Cerame López & Co., demandados y apelantes.

No. 6098.—*Sometido:* Junio 16, 1933. *Resuelto:* Mayo 3, 1934.

*Angel A. Vázquez,* abogado de los apelantes; *Besosa & Besosa* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Cerame López & Co., en acción iniciada contra Gastón Bloncourt embargó ciertos bienes muebles que fueron puestos bajo la custodia del socio gestor Manuel Vallés. Societé Anonyme de Photographie Industriale, en acción iniciada contra Gastón Bloncourt, o contra Gastón Bloncourt & Compañía, embargó los mismos bienes que se hallaban en poder de Vallés. Posteriormente, al no poderse localizar los bienes embargados, Societé Anonyme de Photographie Industriale entabló la presente acción de daños y perjuicios contra Vallés y contra Cerame López & Co., y obtuvo sentencia a su favor.

El primer señalamiento es que la corte de distrito erró al desestimar la excepción previa de que la demanda no aduce hechos suficientes para determinar una causa de acción: (*a*) porque la demandante no alegó ninguna culpa o negligencia de parte de los demandados; (*b*) porque la demandante no alegó la suma de que respondía el segundo embargo; (*c*) porque la demandante no alegó que Vallés aceptó el cargo de depositario, o tomó posesión de los bienes embargados por la demandante; (*d*) porque la demandante no alegó la existencia de relación alguna entre Bloncourt y Bloncourt & Compañía, que son dos entidades distintas, ni la insolvencia de ninguna de ellas, ni la existencia de otros bienes sujetos a ejecución; y (*e*) porque la demandante no alegó que la corte hubiese dictado en la segunda causa de acción ninguna sentencia de la cual no se hubiera apelado o no pudiera apelarse, determinando la cuantía de que Gastón Bloncourt & Compañía respondía.

██ La demanda no usa las palabras culpa y negligencia. Aduce las circunstancias en que Vallés, con pleno conocimiento del segundo embargo, devolvió los bienes embargados a Gastón Bloncourt. Cerame López & Co. era responsable del acto torticero de Vallés como depositario de los bienes embargados. No era necesario alegar que Vallés cometió un acto torticero al entregar los bienes embargados a Bloncourt en vez del márshal, de quien los había recibido, ni indicar que Cerame López & Co. era responsable de las actuaciones del depositario en cuyo poder Cerame López & Co., como demandante en la acción original, había hecho que se pusieran los bienes embargados. Empero la demandante sí alegó que Vallés había sido designado como depositario de los bienes embargados, a instancia y bajo la responsabilidad de Cerame López & Co.

██ La demandante alegó que como resultado de cierta investigación y vistas celebradas en cierta causa, sucedió que Vallés había entregado los bienes embargados a Bloncourt como resultado de una transacción celebrada entre las partes en el pleito original al presentarle Bloncourt ciertos documentos demostrativos de que se había llegado a una transacción sin la aprobación de la corte. Los apelantes dan énfasis a esta alegación como prueba de buena fe por parte de Vallés. La demandante también alegó que se notificó este segundo embargo a Vallés como depositario de los bienes embargados, a fin de que retuviera en su poder la citada mercancía embargada hasta nueva orden de la corte. Debe presumirse que él tenía conocimiento de sus deberes y de la responsabilidad impuéstasele al trabarse implícitamente un segundo embargo, ora se le instruyera expresamente o no respecto a la naturaleza de tal deber y responsabilidad. Debe presumirse que sabía que los bienes que estaban en su poder se hallaban en *custodia legis* y que él no estaba en libertad para entregar los mismos a la parte demandada en el pleito original sin permiso u orden de la corte. El hecho de que Bloncourt presentara prueba documental de una transacción

extrajudicial de la controversia original puede o no ser una circunstancia atenuante. No puede considerarse como suficiente para relevar a los demandados de toda responsabilidad.

La demandante alegó que en la segunda acción se había librado contra los bienes embargados un mandamiento de ejecución por la suma de $591.71, más intereses al tipo legal. Un inventario detallado de los bienes, que comprende cuatro páginas escritas a máquina a un solo espacio, fué unido a la demanda como *exhibit*. La demandante también alegó que el valor de los bienes excedía de $1,200 y que los daños ocasionados por los actos torticeros de los demandados importaban $591.71, con intereses al tipo legal, más $200 como honorarios que la demandante se había comprometido a pagar a sus abogados. Puede admitirse que la demanda es ambigua y dudosa, mas los demandados no la excepcionaron por ese motivo ni solicitaron de la corte que ordenara que la alegación fuese más específica. La inferencia que surge de los hechos aducidos es que la suma especificada en el segundo embargo era suficiente para responder de los daños y perjuicios que se trataban de recobrar en la presente acción. Sea ello como fuere, la cuestión aquí presentada envolvía una exposición deficiente de la causa de acción, más bien que el dejar de aducir una causa de acción, y el defecto alegado no es suficiente para justificar una revocación.

Hemos asumido aquí con los apelantes, primero, que la demandante estaba obligada a alegar hechos que demostraran la responsabilidad máxima de los demandados, y segundo, que la cuantía especificada en el segundo embargo era el límite máximo de tal responsabilidad. Entre la cuantía del segundo embargo y el valor de los bienes embargados, y en tanto estuviese envuelto uno u otro de estos factores, no vemos motivo por qué no deba determinarse el límite de la responsabilidad de los demandados a base de la segunda en lugar de la primera.

La argumentación de los apelantes admite por necesaria deducción una responsabilidad por daños y perjuicios

dentro de un límite máximo no especificado. Igualmente admite una responsabilidad por toda la suma que se trata de recobrar, a menos que esa suma exceda de tal límite máximo no especificado, y sea ello como fuere, por cierta parte de la suma reclamada por el demandante. El dejar de aducir hechos suficientes para demostrar de una manera concluyente que la demandante tenía derecho a toda la suma reclamada por concepto de daños y perjuicios no equivalía a dejar de aducir hechos suficientes para determinar una causa de acción.

■■ La alegación de que Vallés aceptó el cargo de depositario, o que tomó posesión de los bienes embargados por la demandante, era innecesaria. Él ya estaba en posesión de los bienes embargados y el hecho de que continuara en tal posesión después de haber sido notificado del segundo embargo, fué suficiente aceptación de responsabilidad como depositario. Él quizá pudo relevarse de esa responsabilidad al trabarse el segundo embargo, o en cualquier momento después, entregando nuevamente los bienes embargados al márshal de la corte, de quien los había recibido.

La demandante alegó que cuando el márshal fué a tomar posesión nuevamente de los bienes embargados de conformidad con el mandamiento de ejecución los bienes habían desaparecido; que, siguiendo instrucciones de los abogados de la demandante, el márshal entonces practicó una búsqueda de otros bienes pertenecientes al "demandado Gastón Bloncourt o a Gastón Bloncourt & Co.," y no le fué posible hallar ningunos bienes pertenecientes "al demandado Gastón Bloncourt o a Gastón Bloncourt & Co.," siéndose imposible diligenciar en todo o en parte alguna la orden de ejecución. Ésta fué una alegación suficiente respecto a la no existencia de otros bienes sujetos a ejecución. Bajo las circunstancias, no era necesario alegar la insolvencia de Gastón Bloncourt o de Gastón Bloncourt & Co. Tampoco podemos asumir con la demandante que Gastón Bloncourt y Gastón Bloncourt & Co. eran necesariamente entidades distintas. Gastón Bloncourt pudo haber estado haciendo

negocios bajo la razón social de Gastón Bloncourt & Co. De todos modos no tendríamos mayor razón para asumir que los bienes embargados pertenecían a Gastón Bloncourt que la que tendríamos para asumir que pertenecían a Gastón Bloncourt & Co. En lo que a la suficiencia de la demanda concierne, basta que los mismos bienes hubiesen sido embargados dos veces y, asumiendo la validez del segundo embargo, que el depositario de los mismos, designado por el primer acreedor que embargó, se desprendiera ilegalmente de ellos. Al resolver la excepción de falta de hechos para determinar una causa de acción, el juez de distrito no podía asumir la nulidad del segundo embargo y el omitir cualquier alegación respecto al mismo existente entre Gastón Bloncourt y Gastón Bloncourt & Co. no fué un defecto fatal.

Las alegaciones de que en el segundo litigio se había librado un mandamiento de ejecución, que el márshal había tratado de practicar un embargo de conformidad con dicho mandamiento, que no había podido hallar bienes sujetos a ejecución, y que se había practicado una investigación judicial con el propósito de localizar los bienes embargados, eran suficientes para demostrar que la corte había dictado sentencia en la segunda causa y que no estaba pendiente una apelación contra tal sentencia.

A manera de introito a una segunda contestación enmendada, los demandados nuevamente excepcionaron la demanda. fundándose en falta de hechos suficientes para determinar una causa de acción, por haber prescrito la misma de conformidad con el inciso 2 del artículo 1869 del Código Civil Revisado, y el haberse declarado sin lugar esta excepción también se señala como error.

La demanda fué radicada el 23 de enero de 1931. En ella se alegaba:

"6.—Que la demandante en este caso, también demandante en el caso No. 8345 al obtener orden de ejecución el día 9 de mayo de 1929 por la suma de $591.71 más los intereses legales, procedió a ejecutar dicha orden de ejecución contra los bienes ya embargados, y cuya

descripción aparece copiada fielmente en cuatro hojas de papel legal que se adjuntan a esta demanda, y se hacen formar parte de esta alegación.

"7. Que al proceder el márshal a ejecutar la citada mercancía y los citados bienes, se encontró que los mismos habían desaparecido.

"" *       *       *       *       *       *       *

"12. Que la demandante en este caso posteriormente allá para principios del 1930 solicitó la citación de Cerame López & Co. y de Manuel Vallés, para que comparecieran ante esta Hon. Corte a declarar sobre los citados bienes embargados.

"13. Que en las vistas que se llevaron a efecto a consecuencia de la petición de la demandante en este caso, resultó que Manuel Vallés, depositario que era de los bienes bajo la designación y responsabilidad de Cerame López & Co., entregó ilegalmente la citada mercancía a Gastón Bloncourt, por haberse transigido el pleito No. 8314, y a virtud de haberle mostrado el Sr. Bloncourt al Sr. Vallés, documentos demostrativos de que el pleito No. 8314 había sido transigido sin autorización judicial."

De estas alegaciones se desprende que al márshal le fué imposible hallar los bienes embargados en mayo de 1929. Esa circunstancia, sin más, no bastaba para hacer responsable a Vallés y a Cerame López & Co. Tan sólo en el curso de los procedimientos iniciados a principios de 1930 fué que la aquí demandante averiguó que Vallés había devuelto los bienes embargados a Gastón Bloncourt. Los hechos alegados en la demanda indican que ésta fué archivada dentro del año siguiente a la fecha en que el demandante, haciendo que se iniciara contra Vallés y Cerame López & Cía. una investigación judicial, pudo determinar lo que Vallés había hecho, y en armonía con las disposiciones del inciso 2 del artículo 1869 el período estatutario debe contarse "desde que el agraviado" tuvo conocimiento del acto torticero. El juez de distrito no cometió error al declarar sin lugar la excepción previa.

Los señalamientos tercero y cuarto se dirigen a la suficiencia de la prueba y al supuesto error en la apreciación de la misma. Igualmente carecen de mérito.

*Debe confirmarse la sentencia apelada.*