MIGUEL J. NOLLA, JACINTO GALIB y JOAQUÍN MÁRQUEZ, JR., demandantes y recurridos, *v.* JOA COMPANY OF FLORIDA y BRUNO SANTOS, demandados y recurrente la primera.

*Número:* R-66-150          *Resuelto:* 12 de septiembre de 1974

---

*Daniel Pellón Lafuente,* abogado del recurrente; *Jorge Souss,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La cuestión de aproche en este caso es quién ha de pagar por el uso de un local utilizado para mantener en depósito y en *custodia legis* bienes embargados en aseguramiento de efectividad de sentencia.

Desde el 23 de abril de 1957 hasta el 7 de julio de 1960 un edificio propiedad de los recurridos estuvo ocupado con maquinaria embargada por Joa Company of Florida a Coro-

dex Manufacturing Company. Corodex era arrendataria del edificio por el que pagaba un canon de $450 mensuales y en pleito en cobro de hipoteca de bienes muebles Joa obtuvo una orden de embargo preventivo y propuso como depositario a Bruno Santos ejecutándose el embargo sobre la maquinaria instalada por Corodex en el propio edificio donde operaba la industria, el cual fue cerrado por el depositario quien retuvo las llaves en su poder hasta el 7 de julio de 1960 que las entregó a Corodex, ya efectuada la subasta en la cual la arrendadora Joa se adjudicó los bienes embargados.

Por todo el periodo desde el 23 de abril de 1957 hasta el 7 de julio de 1960 en que se mantuvo el edificio cerrado con la maquinaria embargada, los arrendadores recurridos Nolla, Márquez y Galib fueron Presidente, Tesorero y Subtesorero, respectivamente, de la corporación arrendataria Corodex, por lo que es inevitable concluir que los primeros tuvieron conocimiento desde un principio de la acción del depositario cerrando el local arrendado. Aun en ausencia de esa identidad entre los dueños arrendadores y los directores de la corporación arrendataria, ésta venía obligada a notificarles la intervención con la cosa objeto de arrendamiento a tenor del Art. 1449 del Código Civil (31 L.P.R.A. sec. 4056) que dispone: "El arrendatario está obligado a poner en conocimiento del propietario, en el más breve plazo posible, toda usurpación o novedad dañosa que otro haya realizado o abiertamente prepare en la cosa arrendada.

"También está obligado a poner en conocimiento del dueño, con la misma urgencia, la necesidad de todas las reparaciones comprendidas en el número 2 de la sec. 4051 de este título.

"En ambos casos será responsable el arrendatario de los daños y perjuicios que por su negligencia se ocasionaren al propietario."

La orden de embargo del tribunal, gestionada y promovida por Joa para su propio beneficio, tuvo un efecto de

interdicción del contrato de arrendamiento mediante el cual los recurridos habían cedido el edificio a la deudora Corodex. Con la acción del depositario cerrando el edificio y reteniendo la llave por la duración del embargo, la arrendataria Corodex fue totalmente privada del goce y uso del local industrial que era la esencia del convenio de arrendamiento. (Art. 1433 del Código Civil—31 L.P.R.A. sec. 4012.) Dispone el Art. 1450 del Código Civil (31 L.P.R.A. sec. 4057) que el arrendador no está obligado a responder de la perturbación de mero hecho que un tercero causare en el uso de la finca arrendada; pero el arrendatario tendrá acción directa contra el perturbador. No existe perturbación de hecho cuando el tercero, ya sea la administración, ya un particular, ha obrado en virtud de un derecho que le corresponde. Aunque tuvo su origen en una providencia judicial, la perturbación no puede catalogarse como de derecho, sino una arbitraria y de mero hecho por la cual no responde el arrendador, habida cuenta de que la orden de embargo iba dirigida a la maquinaria y no al edificio. Manresa, *Comentarios al Código Civil Español,* Tomo X, Vol. II, Sexta edición 1969, a las págs. 183 y ss. Correspondía a Corodex repeler la perturbación por acción directa contra Joa. Ese estado de derecho subsistió hasta que los recurridos presentaron la moción demandando compensación por uso de la acreedora Joa, con la implicación de haberse rescindido el contrato de arrendamiento[1] y de exigirse los frutos civiles del edificio a que tenían derecho sus dueños a partir de ese momento, no en forma de cánones, sino

---

[1] La terminación del arrendamiento era un desarrollo natural en el negocio entre dueños y arrendataria, pues para Corodex no tenía sentido pagar renta por un local cerrado sin acceso a las máquinas de su industria, y, por otro lado, los recurridos no iban a absorber indefinidamente la pérdida de cánones o réditos por su propiedad. La realidad de ser Presidente de la arrendataria Corodex uno de los dueños del edificio colocaba a éstos en posición privilegiada para resolver o rescindir el contrato de arrendamiento pero no hay indicio de que esto ocurriera hasta intervenir los recurridos en el pleito pidiendo se les compensara el uso del local.

mediante compensación por el uso por parte de Joa, la cual se estaba sirviendo del edificio para preservar los bienes embargados. Dicha moción debió ser suficiente aviso para Joa de que a partir de su fecha respondía a los dueños del edificio por el uso del mismo como almacén de maquinaria embargada. Nace allí y entonces el cuasicontrato[2] que impedirá a Joa enriquecerse injustamente a costa de los recurridos disfrutando gratuitamente del local de depósito como antes lo había disfrutado por inercia o incuria de la arrendataria Corodex.

Es curioso cómo los recurridos y Corodex toleran la intervención de sus respectivos derechos sin tomar acción alguna para protegerlo, pidiendo unos o la otra la remoción de la propiedad mueble embargada dejando el edificio libre, para lo cual tenían claros recursos en ley. Al así actuar los recurridos faltaron a su obligación de aminorar daños permitiendo la acumulación de los frutos civiles del edificio desde abril de 1957 hasta el 19 de enero de 1960 en que radicaron una moción en el pleito sobre cobro de hipoteca de bienes muebles instado por Joa contra Corodex, reclamando que "como parte de los gastos de ejecución se ordene a la demandante Joa Company of Florida a satisfacerles la suma de $450 mensuales por todo el tiempo durante el cual los bienes embargados han permanecido depositados en el edificio de estos comparecientes y por todo el tiempo que permanezcan allí depositados."

■ Dicha moción es el primer aviso a Joa de que los dueños del edificio habían optado por exigir compensación por uso del mismo, en vez de exigir el pago de cánones de arrendamiento bajo el contrato con Corodex. Si bien concluyó el

---

(2) Art. 1787 del Código Civil (31 L.P.R.A. sec. 5091).
"Son cuasicontratos los hechos lícitos y puramente voluntarios, de los que resulta obligado su autor para con un tercero y a veces una obligación recíproca entre los interesados." *Luperena* v. *Autoridad de Transporte*, 79 D.P.R. 464, 474 (1956).

tribunal a quo que los recurridos hicieron gestiones de cobro por el uso de su propiedad en fecha no determinada ante el depositario de los bienes embargados, de nombre Bruno Santos, éste no era agente ni representante de Joa. Es por tanto, a partir del 19 de enero de 1960 que surge la obligación de Joa para con los recurridos bajo el cuasicontrato de compensación por uso. Sin embargo, dicha acreedora no percibió la justicia de la reclamación, y se conformó con rebatirla por razones procesales, lo que eventualmente dio lugar a la acción separada que ahora resolvemos.

El historial arrendaticio del local antes y después del largo período de ocupación con la propiedad embargada dejó establecida la razonabilidad de la compensación por uso estimada en $450 por mes, que el tribunal de instancia computó por la duración del depósito en *custodia legis* resultando en una liquidación de $17,122 cuyo pago impuso por sentencia a la recurrente Joa.

No es determinante a los fines de responsabilidad por el uso del edificio, el grado o tipo de posesión, si alguno, imputable a la embargante sobre los bienes en *custodia legis*. De los complicados desdoblamientos de dicha posesión surge incuestionada la realidad de que fue la acreedora Joa quien movió el brazo de la ley y propuso el depositario para protección y resguardo de su reclamación mediante el embargo preventivo. Ella estaba enteramente libre para obtener que el depositario trasladase la maquinaria embargada a otro local menos costoso evitando el perjuicio irrogado a los recurridos al cambiar el destino de su edificio industrial por un almacén. Dispone el Art. 10 de la Ley de 1 de marzo de 1902 (32 L.P.R.A. sec. 1078) que el embargo de bienes muebles se practica depositándolos en poder del tribunal o de la persona que éste designe bajo la responsabilidad del demandante. Si la acreedora Joa como demandante asumía alguna responsabilidad por el proceso de embargo que voluntariamente inició, y es evidente que con o sin el precepto contenido en dicho Art.

10 no podrá evitarla, un básico sentido de prudencia debió instarla a gestionar el aseguramiento de sentencia con el menor perjuicio de todas las personas afectadas, ya que nadie puede eludir las consecuencias naturales y probables de sus actos.

Por las razones aquí expresadas *la sentencia revisada será modificada reduciendo la responsabilidad por uso de Joa Company of Florida a los recurridos a partir del 19 de enero de 1960 hasta el 7 de julio de 1960, y así modificada se confirmará.*

El Juez Asociado Señor Dávila, no interviene. El Juez Asociado Señor Cadilla Ginorio, disintió con opinión en la cual concurre el Juez Asociado Señor Martín.

—O—

Opinión disidente del Juez Asociado Señor Cadilla Ginorio, con la cual concurre el Juez Asociado Señor Martín.

San Juan, Puerto Rico, a 12 de septiembre de 1974

Disiento. Aunque creo que está correcta la conclusión del Tribunal en el sentido de que el embargante tiene que indemnizar al arrendador por daños; no estoy de acuerdo con aquella parte que los reduce al término de seis meses.

El Art. 1449 del Código Civil, 1930 (31 L.P.R.A. sec. 4056) regula la responsabilidad del arrendatario hacia el propietario, si no pone en conocimiento del propietario, en el más breve plazo posible de toda usurpación o novedad dañosa que otro haya realizado o abiertamente prepare en la cosa arrendada; pero ciertamente no establece inmunidad hacia el embargante en este caso para cerrar el edificio que no era objeto del embargo y convertirlo en un almacén de depósito para su propio beneficio.

Como muy bien se dice en la opinión de la que disentimos:

"De los complicados desdoblamientos de dicha posesión surge incuestionada la realidad de que fue la acreedora Joa quien movió

el brazo de la ley y propuso el depositario para protección y resguardo de su reclamación mediante el embargo preventivo. Ella estaba enteramente libre[1] para obtener que el depositario trasladase la maquinaria embargada a otro local menos costoso evitando el perjuicio irrogado a los recurridos al cambiar el destino de su edificio industrial por un almacén."

Esto sí que equivale a un enriquecimiento injusto; ya que la demandante sabía desde la misma fecha del embargo, que se había cerrado el edificio y se quedó callada, sin pagar por su uso. Aparte de que la propia opinión admite que el tribunal a quo concluyó que los recurridos hicieron gestiones de cobro por el uso de su propiedad ante el depositario de los bienes embargados, Sr. Bruno Santos; (2) quien fue sugerido al tribunal, como depositario, por la parte embargante; y designado por aquél, depositándose los bienes muebles embargados en manos de dicho depositario "bajo la responsabilidad del reclamante". (Regla 56.6 de Procedimiento Civil de 1958.) Aparte de que en la opinión se admite que por todo el período desde el 23 de abril de 1957 hasta el 7 de julio de 1960 en que se mantuvo el edificio cerrado con la maquinaria embargada, los arrendadores recurridos Nolla, Márquez y Galib fueron Presidente, Tesorero y Subtesorero respectivamente, de la corporación arrendataria Corodex, ". . . por lo que es inevitable concluir que los primeros tuvieron conocimiento desde un principio de la acción del depositario cerrando el local arrendado." Por esta razón adicional era innecesaria la notificación al dueño de la usurpación; y no había responsabilidad del arrendatario hacia el dueño bajo el Art. 1449 del Código Civil, *supra*.

---

(1) Y añadimos nosotros que estaba enteramente libre para dicho traslado desde el mismo día en que trabó el embargo, teniendo conocimiento desde ese mismo día que el depositario había cerrado el edificio.

(2) En la determinación de hecho número 9 de la Opinión del Tribunal sentenciador éste concluyó que ante esas gestiones, el depositario lo posponía ". . . para cuando se vendiera la maquinaria."

Por los motivos expuestos disiento de la opinión del Tribunal en este caso; y considero que la sentencia del Tribunal sentenciador debe ser confirmada.