GREGORIO RODRÍGUEZ SOTO, ETC., ET AL., demandantes y recurrentes, *v.* FELICIANO ADORNO, ETC., ET. AL., demandados y recurridos; GREGORIO RODRÍGUEZ SOTO, ETC., ET AL., demandantes y recurridos, *v.* FELICIANO ADORNO, ETC., ET AL., demandados y recurrentes.

*Números:* R-75-192     *Resuelto:* 10 de febrero de 1976
R-75-200

*Arnaldo Sánchez Recio, F. Ariel Avilés Rodríguez* y *Angel L. Tapia Flores,* abogados de los demandantes y recurrentes; *Frank Carbó,* abogado de la Sucesión de José A. Baiz Miró, demandada y recurrente.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

La cuestión a resolver se contrae a la responsabilidad de un acreedor que embarga un vehículo de motor en aseguramiento de sentencia, y del depositario designado por el tribunal, como consecuencia de los daños resultantes de un accidente ocasionado negligentemente por un tercero que se encontraba en posesión del vehículo con autorización del depositario.

El vehículo había sido objeto de un procedimiento de embargo y se hallaba, por designación del tribunal y a solicitud del acreedor embargante Sr. Feliciano Adorno, aquí codemandado, bajo la custodia judicial (*custodia legis*) en poder del depositario, también codemandado, Sr. José A. Lugo, quien lo había prestado al tercero señor Baiz. El Sr. Gregorio Rodríguez Soto y sus tres hijos menores incoaron acción contra la Sucesión de Baiz Miró, contra el acreedor embargante Sr. Adorno, el depositario Sr. Lugo y Arístides Lebrón García[1] por los daños sufridos por la muerte de la esposa y madre de los demandantes y por las lesiones recibidas por su hijo menor David.

El Tribunal Superior, Sala de San Juan, dictó sentencia imponiendo responsabilidad a la Sucesión de Baiz Miró por la negligencia del causante Baiz en la conducción del automóvil,

---

[1] El tribunal de instancia concluyó que Arístides Lebrón García no había sido nombrado despositario y por tanto desestimó la acción en su contra; dictamen que consideramos correcto.

y desestimó en cuanto a los demás codemandados, [2] por el fundamento de no ser éstos dueños del vehículo ni encontrarse el conductor en gestiones del embargante o del depositario. Concluyó que, dado el carácter excepcional de la responsabilidad vicaria, no podía imponerles la misma, en ausencia de disposición legal al efecto.

# I

La solución jurídica del caso exige que analicemos los artículos de nuestro Código Civil referentes a la figura del depósito, las disposiciones procesales aplicables y nuestra jurisprudencia.

El Art. 1658 del Código dispone:

"Se constituye el depósito desde que uno recibe la cosa ajena con la obligación de guardarla y de restituirla." (31 L.P.R.A. sec. 4621.)

La peculiaridad principal de esta figura es la de la entrega de un objeto, basada en el elemento de confianza, con el único propósito de conservarlo hasta que se exija su devolución. Se define como "aquel contrato por cuya virtud una persona entrega a otra de su confianza una cosa, con la sola finalidad de custodiarla hasta que aquella se lo reclame." Puig Peña, *Tratado de Derecho Civil Español*, Tomo IV, Vol. II, a la pág. 419, ed. de 1951. Espín destaca que "Se dirige por tanto el depósito a la custodia y, por tanto se basa en la confianza que inspira el depositario al depositante." *Derecho Civil Español*, Vol. 3, págs. 615–616, 2da. ed. (1961). Véanse Castán, *Derecho Civil Español*, Tomo 4, págs. 606–607, 7ma.

---

[2] En la sentencia se adjudicó, como causa de acción independiente, que tanto el acreedor embargante Sr. Adorno, como el depositario Sr. Lugo venían obligados a satisfacer al dueño del vehículo, Sociedad Legal de Gananciales compuesta por Luciano Claudio Tirado e Iris Morales Báez el interés que tenía en el mismo. En los recursos de epígrafe expedimos órdenes de mostrar causa limitadas al planteamiento sobre la responsabilidad del embargante, Sr. Adorno y de los depositarios, señores Lugo y Lebrón García.

ed. (1952) ; Borrell y Soler, *Derecho Civil Español*, Tomo III, pág. 500, ed. de 1955.

La preeminencia de estas características de custodia y conservación del objeto queda evidenciada al disponer el Código que "El depositario no puede servirse de la cosa depositada sin permiso expreso del depositante.", y en caso contrario ". . . responderá de los daños y perjuicios." Art. 1667 (31 L.P.R.A. sec. 4662). Puig Brutau, al referirse a los artículos del Código Civil Español equivalentes a nuestros artículos 1667 y 1668([3]) observa:

"Es un contrato que no confiere facultades de uso, disfrute ni de disposición a favor del depositario, pues la recepción de la cosa por parte de éste sólo tiene el sentido de permitirle cumplir su obligación principal de custodia." *Fundamentos de Derecho Civil*, Tomo II, Vol. II, pág. 449 (ed. 1956).

En lo concerniente al depósito de bienes embargados, depósito judicial o secuestro, nuestro Código Civil, siguiendo la tradición española incorpora textualmente cinco artículos que por su brevedad copiamos: ([4])

Art. 1685: "El depósito judicial o secuestro tiene lugar cuando se decreta el embargo o el aseguramiento de bienes litigiosos."

. . . . . . . .

Art. 1686: "El secuestro puede tener por objeto así los bienes muebles como los inmuebles."

. . . . . . . .

Art. 1687: "El depositario de los bienes u objetos secuestrados no puede quedar libre de su cargo hasta que se termine la controversia que la motivó, a no ser que el tribunal o juez lo

---

([3]) Lee así:

"Cuando el depositario tiene permiso para servirse o usar de la cosa depositada, el contrato pierde el concepto de depósito y se convierte en préstamo o comodato.

El permiso no se presume, debiendo probarse su existencia." (31 L.P.R.A. sec. 4663.)

([4]) 31 L.P.R.A. secs. 4711–4715.

ordenare por consentir en ello todos los interesados o por otra causa legítima."

. . . . . . . .

Art. 1688: "El depositario de bienes secuestrados está obligado a cumplir respecto de ellos todas las obligaciones de un buen padre de familia."

. . . . . . . .

Art. 1689: "En lo que no se hallaré dispuesto en este código, el secuestro judicial se regirá por las disposiciones de la ley de enjuiciamiento civil."

Estos preceptos establecen concisamente: la naturaleza especial del depósito judicial; las cosas que pueden ser objeto del mismo, su duración; las funciones del depositario judicial y finalmente una disposición sobre el derecho supletorio. Ya desde principios de siglo habíamos resuelto que los depositarios judiciales ostentan la posesión legal, judicial y real de los bienes embargados que han sido entregados a su salvaguardia y custodia, y están bajo la obligación de cumplir con los deberes que las leyes les imponen. *Caloca* v. *Vilaseca et al.*, 6 D.P.R. 113 (1904).

Sobre la responsabilidad del depositario, Manresa, al comentar el artículo del Código Civil Español equivalente a nuestro Art. 1688 expone:

"Correspóndenos ahora tratar de la responsabilidad del depositario judicial. Con frase precisa *sintetiza* el Código *todas las obligaciones del depositario de bienes secuestrados al decir que tiene respecto de ellas las de un buen padre de familia. La omisión de esta diligencia será la medida de su responsabilidad.* Surge aquí una diferencia en la modalidad de la culpa que en ciertos casos se exige al simple depositario, y la que expresamente consigna para el judicial este artículo del Código. La culpa 'q. en suis rebus' es el tipo de medida, y aquí se gradúa por la ordinaria del padre ide familia en la custodia de la cosa embargada. Si a esto se agrega el derecho a una remuneración que en la generalidad de los casos tiene, parece como si *se tendiera con ello a la agravación de la responsabilidad.* No creemos que pueda imponérsele la culpa leve. Cierto que, como dice Simoncelli en su eruditísima monografía

sobre 'La responsabilidad de los depositarios', el desenvolvimiento histórico de estas formas de las diligencias en el Derecho romano (1), parecía señalar la interpretación, no de un grado, sino de un modo de culpa menor al de la culpa leve, pero el precepto del Código, al exigir la diligencia del buen padre de familia, *no deja lugar a dudas.*" Manresa, *Código Civil Español*, Vol. XI, pág. 1020, 6ta. ed. (1972). (Énfasis suplido.)

■ En cuanto al concepto de "buen padre de familia", tanto en *P.R. & American Ins. Co.* v. *Durán Manzanal*, 92 D.P.R. 289 (1965) y *American Sec. Ins. Co.* v. *Ocasio*, 102 D.P.R. 166 (1974), lo analizamos y dijimos: "Así vemos que el Código al emplear el concepto 'diligencia de un buen padre de familia' tuvo el propósito de dejar a los tribunales que en cada caso particular determinen cual es la diligencia procedente, que generalmente debe ser la que hubiere tomado 'el tipo medio o normal de persona diligente.' "

Finalmente, el Art. 1689 antes transcrito ". . . viene a definir lo que pudiéramos llamar el derecho supletorio del Código en materia de secuestros, ordenando que lo que no se hallase dispuesto en la ley sustantiva, se rija por los preceptos de la adjetiva." Manresa, *op. cit.* supra, pág. 1016. Se deja a la ley procesal la determinación de "los casos en que podrá tener lugar y los requisitos y el procedimiento para [realizar]" el embargo y el aseguramiento de los bienes litigiosos. Manresa, *Ley de Enjuiciamiento Civil*, Vol. 6, pág. 277, 7ma. ed. (1957).

■ Aplicados los principios jurídicos expuestos, resulta inescapable la conclusión de que el depositario judicial Sr. Lugo, al incumplir el mandato de ley, es responsable, no sólo al depositante, o sea, al acreedor embargante, sino al dueño del automóvil, y además a terceros por los daños causádosles. La responsabilidad del depositario consiste en su proceder culposo al no cumplir con la exigencia que le impone la ley de cuidar la cosa como un buen padre de familia, y al atribuirse la facultad de permitir el uso del automóvil por un tercero.

Véase: *Societé Anonyme, etc.,* v. *Vallés,* 46 D.P.R. 652, 655 (1934).

■ Valga repetir para beneficio de las personas que aceptan nombramientos de depositario judicial ante los tribunales del país que:

"Se confiere el depósito para su guarda y custodia, no para el uso a condición de restituirlo. Síguese de esto, como muy acertadamente dice Pothier, que quien usa del depósito confiado a sus cuidados comete una verdadera estafa. La ley dice que en el caso de contravenir el depositario a esta prescripción, responde de los daños y perjuicios. Esta es la responsabilidad civil, responsabilidad agravada considerablemente si la cosa pereciera durante el uso ilícito de la misma, porque demostrado queda en el comentario del artículo anterior cómo entonces responde hasta del caso fortuito." Manresa, *Código Civil Español, op. cit.* supra, pág. 937.

## II

Resta que examinemos el ámbito de responsabilidad del acreedor embargante Sr. Adorno. Nuestra doctrina jurisprudencial reconoce que el nombramiento de depositario judicial es una facultad exclusiva que recae sobre el tribunal que decreta el embargo. *Fresh-O-Baking* v. *Molinos de Puerto Rico,* 103 D.P.R. 509 (1975); *Cruz* v. *Corte,* 70 D.P.R. 324 (1949); *Cooperativa Central* v. *Flores,* 68 D.P.R. 726 (1948); *Dávila* v. *Rosa,* 61 D.P.R. 608 (1943); *Balaguer* v. *Cordovés,* 59 D.P.R. 648 (1942). En este último caso, tomando como base la experiencia, con pragmatismo judicial, indicamos: "No obstante la facultad que el estatuto confiere al juez que decreta el embargo, los tribunales insulares, teniendo sin duda en cuenta que el demandante que solicita el embargo se obliga con los fiadores a responder de los daños y perjuicios que pueda sufrir *el demandado,* han seguido la práctica, *que consideramos aconsejable, de nombrar depositario a la persona que designe o recomiende el demandante." Balaguer,* supra, a las págs. 651–652. (Énfasis suplido.)

En virtud de la obligación de indemnizar los daños que se irroguen en diligencias de embargos, bajo el Art. 1802 del Código Civil (31 L.P.R.A. sec. 5141), y en armonía con los Arts. 4 y 10 del Código de Enjuiciamiento Civil (32 L.P.R.A. secs. 1072 y 1076) hemos resuelto innumerables casos en los que se impone responsabilidad al acreedor embargante por los perjuicios causados a un demandado, *Fresh-O-Baking*, supra; o por daños causados a un tercero privado indebidamente de su propiedad mediante el embargo de bienes no pertenecientes al deudor demandado. *García* v. *Cacho & Co.*, 45 D.P.R. 281 (1933); *Verdejo* v. *Sucrs. de Oliva & Co.*, 18 D.P.R. 103 (1912).

También hemos impuesto deber de indemnizar a un embargante por las actuaciones indebidas e ilegales de su depositario. A tal efecto, en *Avilés* v. *Hijos de Rafael Toro, S. en C., et al.*, 27 D.P.R. 671 (1919), concluimos que el acreedor embargante y sus fiadores venían obligados a compensar al dueño y propietario de un cinematógrafo en el pueblo de Lajas por el uso y deterioro de los bienes embargados y confiados a la custodia del depositario surgidos como consecuencia de las actuaciones de este último al operar y dar funciones regulares en dicho cine cobrando por la admisión del público asistente, todo ello sin autorización del tribunal. Y en el caso de *Societé Anonyme, etc.*, supra, se impuso responsabilidad a un primer acreedor embargante cuando el depositario judicial se desprendió ilegalmente de los bienes bajo su custodia entregándolos al demandado en el pleito original no obstante tener conocimiento el depositario de un segundo embargo por otro acreedor.

Los casos reseñados ejemplifican la vigencia y aplicabilidad de la norma general de que un acreedor embargante responde por las actuaciones culposas e ilegales del depositario judicial, pues resulta innegable que en la mayoría de los casos éste es seleccionado y recomendado por el primero, y la designación por el tribunal es, de ordinario, rutinaria.

Como apuntáramos en *Nolla* v. *Joa Co. of Florida*, 102 D.P.R. 428 (1974):

"No es determinante a los fines de responsabilidad por el uso del edificio, el grado o tipo de posesión, si alguno, imputable al embargante sobre los bienes en *custodia legis*. De los complicados desdoblamientos de dicha posesión surge incuestionada la realidad de que fue la acreedora Joa quien movió el brazo de la ley y propuso el depositario para protección y resguardo de su reclamación mediante el embargo preventivo."

Ahora bien, esta responsabilidad del acreedor embargante procede cuando las actuaciones y conducta del depositario judicial son consecuencia de las gestiones relacionadas con la tramitación, implementación y subsistencia del embargo y depósito judicial; o cuando el acreedor embargante tiene conocimiento del uso ilegal por el depositario de la cosa en *custodia legis*, y no toma ni gestiona ante tribunal competente medidas correspondientes conducentes a evitar tales actos.

█ En el caso de autos, no existe prueba de que el embargante, Sr. Adorno conociese del uso o préstamos que hizo el depositario Sr. Lugo del vehículo en cuestión. El único uso imputable al embargante era aquel necesario e incidental con respecto al traslado del vehículo desde el lugar en que se realizó el embargo hasta el sitio en que sería conservado (detenido) en depósito. El accidente, como correctamente consignó la ilustrada sala sentenciadora, ocurrió un domingo en la carretera que conduce de El Yunque hacia el Barrio Mameyes en ocasión de que su conductor Sr. Baiz, un tercero, realizara gestiones puramente personales sin el conocimiento ni la autorización del embargante. La reclamación contra el acreedor embargante no está comprendida en el ámbito de responsabilidad antes enunciado, por ser remota y no cumplir con el requisito de causalidad o causa próxima necesario en casos de embargo. Véanse: *Sierra* v. *Santiago*, 48 D.P.R. 687 (1935); *Lowande* v. *Otero & Co.*, 15 D.P.R. 194 (1909).

*Se dictará Sentencia expidiendo los autos solicitados a los únicos fines de modificar la Sentencia del Tribunal Superior, Sala de San Juan, de 2 de mayo de 1975 para imponer responsabilidad solidaria al depositario Sr. José A. Lugo, conjuntamente con la ya impuesta a la Sucesión del tercero José A. Baiz Miró. Así modificada, se confirma.*

El Juez Asociado, Señor Martín, concurre en el resultado.

